IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **DEVIN GRANDIS, and ADVANCED POWER TECHNOLOGIES, LLC** | )<br>)<br>) |
| **Plaintiffs**, | ) CASE NO. 22-CV-61477-AHS<br>)<br>) JUDGE RAAG SINGHAL |
| v. | )<br>) |
| **BGIS GLOBAL INTEGRATED SOLUTIONS US LLC, and BIFM JERSEY TOPCO LIMITED** | ) **ANSWER OF DEFENDANT BGIS**<br>) **GLOBAL INTEGRATED SOLUTIONS**<br>) **US LLC**<br>) |
| **Defendants.** | )<br>) |

Defendant BGIS Global Integrated Solutions US LLC ("BGIS") for its Answer to plaintiff Devin Grandis's Complaint states as follows:

### PREFATORY STATEMENT

On November 30, 2022, the Court granted BGIS's Motion to Dismiss Counts III and IV—the only claims asserted by former plaintiff Advanced Power Technologies, LLC ("APT")—and Compel Arbitration of those claims. [*See* Doc. No. 34.] On December 16, 2022, the Court granted former defendant BIFM Jersey Topco Limited's ("BIFM") Motion to Dismiss, including Count VI (Counts III, IV, and VI, collectively the "Dismissed Claims"). BIFM and APT are no longer parties to this lawsuit (APT and BIFM, collectively, the "Dismissed Parties"). [*See* Doc. No. 37.] Many allegations in the Complaint relating to the Dismissed Parties and Dismissed Claims are now moot. Therefore, where relevant, BGIS will deny any such allegations as moot.

## JURISDICTION, PARTIES, AND VENUE

1. BGIS states that it properly removed this lawsuit from the Circuit Court of the Seventeenth Judicial Circuit for Broward County ("State Court") to this Court, and, therefore, denies that this lawsuit is subject to the jurisdiction of the State Court.

2. BGIS denies the allegation in Paragraph 2 for lack of knowledge.

3. BGIS denies the allegation in Paragraph 3 for lack of knowledge.

4. BGIS admits the allegation in Paragraph 4 of the Complaint.

5. BGIS denies the allegation in Paragraph 5 as moot.

6. BGIS states that it properly removed this lawsuit from the Circuit Court of the Seventeenth Judicial Circuit for Broward County ("State Court") to this Court, and, therefore, denies that this lawsuit is subject to the jurisdiction of the State Court. BGIS admits that it carries on business in Florida. BGIS denies the remaining allegations in Paragraph 6.

7. BGIS admits that venue is appropriate in this Court. BGIS denies the remaining allegations in Paragraph 7.

8. BGIS denies the allegation in Paragraph 8.

## GENERAL ALLEGATIONS

9. BGIS denies the allegation in Paragraph 9 for lack of knowledge.

10. BGIS admits that it is a provider of facility management, technical services and project delivery, energy and sustainability, asset management, and real estate services. BGIS admits that it sought to acquire the assets of APT. BGIS denies the remaining allegations in Paragraph 10.

11. BGIS denies the allegations in Paragraph 11 as moot.

12. BGIS admits that in or about December 2021, it acquired substantially all of APT's assets. BGIS denies the remaining allegations in Paragraph 12.

13. BGIS admits that the Employment Agreement and, in part, the Asset Purchase Agreement are relevant to the remaining claims in this lawsuit.

14. BGIS admits that on or about December 31, 2021 it entered into the Asset Purchase Agreement. BGIS denies the remaining allegations in Paragraph 14 as moot.

15. BGIS denies the allegations in Paragraph 15 as moot.

16. BGIS denies the allegations in Paragraph 16 as moot.

17. BGIS denies the allegations in Paragraph 17 as moot.

18. BGIS denies the allegations in Paragraph 18 as moot.

19. BGIS denies the allegations in Paragraph 19 as moot.

20. BGIS denies the allegations in Paragraph 20 as moot.

21. BGIS admits that it entered into an Employment Agreement with Grandis to serve an initial role as a Senior Vice President and General Manager. BGIS further admits that the Employment Agreement stated Grandis's base salary as $300,000 gross per year, with an initial period from January 1, 2022 to December 31, 2024. BGIS denies the remaining allegations as moot.

22. BGIS denies the allegations in Paragraph 22.

23. BGIS admits that the Employment Agreement specifies the terms of terminating Grandis with and without cause and that the Employment Agreement speaks for itself.

24. BGIS admits that the Employment Agreement specifies the terms of terminating Grandis with and without cause and that the Employment Agreement speaks for itself. BGIS denies the remaining allegations in Paragraph 24.

25. BGIS denies the allegations in Paragraph 25 as moot.

26. BGIS denies the allegations in Paragraph 26 as moot.

27. BGIS denies the allegations in Paragraph 27 as moot.

28. BGIS denies the allegations in Paragraph 28 as moot.

29. BGIS denies the allegations in Paragraph 29 as moot.

30. BGIS denies the allegations in Paragraph 30 as moot.

31. BGIS denies the allegations in Paragraph 31 as moot.

32. BGIS denies the allegations in Paragraph 32 as moot.

33. BGIS denies the allegations in Paragraph 33 as moot.

34. BGIS denies the allegations in Paragraph 34.

35. BGIS denies the allegations in Paragraph 35. Grandis made multiple harassing and inappropriate comments to multiple employees, creating a hostile work environment. Grandis's inappropriate and harassing statements include, but are not limited to the following:

   a. During a trade show between March 14, 2022 and March 16, 2022, Grandis made the following statement to a female employee who was leaning on a table: If you keep bending over like that with your ass out, you're bound to get attacked or raped;

   b. During that same timeframe, Grandis asked the same female employee: If we went camping and you woke up with a condom in your ass, would you tell anyone? After making this statement, Grandis asked that female employee if she wanted to go camping with him.

   c. While discussing a highly valued female employee that the company was trying to retain in light of certain employee departures, BGIS's Chief Operating Officer asked Grandis to describe what services the female employee provided for BGIS. In an inappropriate reference to oral sex, Grandis replied "she swallows."

36. BGIS admits that a female employee reported Grandis for harassment and creating a hostile work environment. BGIS admits that Grandis was put on leave and subsequently terminated for cause. In addition to harassment and creating a hostile work environment, Grandis also engaged in other conduct constituting cause for termination. After the asset acquisition closed, Grandis surreptitiously engaged in a transaction with an affiliated company that was prohibited by the Asset Purchase Agreement (the "Improper Affiliate Transaction"). Specifically, Grandis improperly caused BGIS to transfer funds to a third-party vendor (the "Vendor"). Grandis then caused Vendor to inappropriately transfer those funds to a business entity controlled by Grandis ("Grandis Affiliate"). BGIS denies the remaining allegations in Paragraph 36.

37. BGIS admits that it did not pay Grandis any severance as he was terminated for cause. BGIS admits that Grandis did not receive an option to purchase BIFM stock, nor was he entitled to any. BGIS denies the remaining allegations in Paragraph 37 for lack of knowledge and as moot.

38. BGIS denies the allegations in Paragraph 38, generally, and as moot.

39. BGIS admits that it used Grandis's facsimile stamp with Grandis's permission and pursuant to the terms of the various agreements relating to the acquisition of APT's assets. BGIS denies the remaining allegations in Paragraph 39.

40. BGIS denies the allegations in Paragraph 40, generally, and as moot.

41. BGIS denies the allegations in Paragraph 41.

42. BGIS denies the allegations in Paragraph 42.

43. BGIS denies the allegations in Paragraph 43.

## COUNT I: BREACH OF THE EMPLOYMENT AGREEMENT

44. BGIS incorporates its Answers to Paragraphs 1 to 43.

45. BGIS admits that it entered into an Employment Agreement with Grandis that specified a base salary of $300,000 per year with the potential to earn a bonus. BGIS denies the remaining allegations in Paragraph 45.

46. BGIS denies the allegations in Paragraph 46, generally, and as moot.

47. BGIS denies the allegations in Paragraph 47. Grandis engaged in the Improper Affiliate Transaction. Furthermore, Grandis made multiple harassing and inappropriate comments to multiple employees, creating a hostile work environment. Grandis's inappropriate and harassing statements include, but are not limited to the following:

   a. During a trade show between March 14, 2022 and March 16, 2022, Grandis made the following statement to a female employee who was leaning on a table: If you keep bending over like that with your ass out, you're bound to get attacked or raped;

   b. During that same timeframe, Grandis asked the same female employee: If we went camping and you woke up with a condom in your ass, would you tell anyone? After making this statement, Grandis asked that female employee if she wanted to go camping with him.

   c. While discussing a highly valued female employee that the company was trying to retain in light of certain employee departures, BGIS's Chief Operating Officer asked Grandis to describe what services the female employee provided for BGIS. In an inappropriate reference to oral sex, Grandis replied "she swallows."

48. BGIS denies the allegations in Paragraph 48.

49. BGIS denies the allegations in Paragraph 49.

## COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING REGARDING THE EMPLOYMENT AGREEMENT

50. BGIS incorporates its Answers to Paragraphs 1 to 43.

51. Paragraph 51 contains statements of law or legal conclusions for which no Answer is required. To the extent that the allegations in Paragraph 51 are deemed factual and require a response, BGIS denies them.

52. BGIS denies the allegations in Paragraph 52.

53. BGIS denies the allegations in Paragraph 53. Grandis engaged in the Improper Affiliate Transaction. Furthermore, Grandis made multiple harassing and inappropriate comments to multiple employees, creating a hostile work environment. Grandis's inappropriate and harassing statements include, but are not limited to the following:

   a. During a trade show between March 14, 2022 and March 16, 2022, Grandis made the following statement to a female employee who was leaning on a table: If you keep bending over like that with your ass out, you're bound to get attacked or raped;

   b. During that same timeframe, Grandis asked the same female employee: If we went camping and you woke up with a condom in your ass, would you tell anyone? After making this statement, Grandis asked that female employee if she wanted to go camping with him.

   c. While discussing a highly valued female employee that the company was trying to retain in light of certain employee departures, BGIS's Chief Operating Officer asked Grandis to describe what services the female employee provided for BGIS. In an inappropriate reference to oral sex, Grandis replied "she swallows."

54. BGIS denies the allegations in Paragraph 54.

## COUNT III: BREACH OF THE ASSET PURCHASE AGREEMENT

55.     BGIS incorporates its Answers to Paragraphs 1 to 43.

56.     BGIS denies the allegations in Paragraph 56 as moot.

57.     BGIS denies the allegations in Paragraph 57 as moot.

58.     BGIS denies the allegations in Paragraph 58, generally, and as moot.

59.     BGIS denies the allegations in Paragraph 59, generally, and as moot.

60.     BGIS denies the allegations in Paragraph 60 as moot.

## COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING REGARDING THE AGREEMENT

61.     BGIS incorporates its Answers to Paragraphs 1 to 43.

62.     Paragraph 62 contains statements of law or legal conclusions for which no Answer is required. To the extent that the allegations in Paragraph 62 are deemed factual and require a response, BGIS denies them, generally, and as moot.

63.     BGIS denies the allegations in Paragraph 63 as moot.

64.     BGIS denies the allegations in Paragraph 64, generally, and as moot.

65.     BGIS denies the allegations in Paragraph 65, generally, and as moot.

66.     BGIS denies the allegations in Paragraph 66, generally, and as moot.

## COUNT V: CIVIL REMEDY FOR CRIMINAL ACTIVITIES UNDER FLA. STAT., §772.104

67.     BGIS incorporates its Answers to Paragraphs 1 to 43.

68.     BGIS admits that it used Grandis's facsimile stamp with Grandis's permission and pursuant to the terms of the various agreements relating to the acquisition of APT's assets. BGIS denies the remaining allegations in Paragraph 68.

69.     BGIS denies the allegations in Paragraph 69.

70. BGIS admits that it used Grandis's facsimile stamp with Grandis's permission and pursuant to the terms of the various agreements relating to the acquisition of APT's assets. BGIS denies the remaining allegations in Paragraph 70.

71. BGIS denies the allegations in Paragraph 71.

### COUNT VI: SECURITIES FRAUD UNDER FLORIDA BLUE SKY LAWS

72. BGIS incorporates its Answers to Paragraphs 1 to 43.

73. Paragraph 73 contains statements of law or legal conclusions for which no Answer is required. To the extent that the allegations in Paragraph 73 are deemed factual and require a response, BGIS denies them as moot.

74. BGIS denies the allegations in Paragraph 74, generally, and as moot.

75. BGIS denies the allegations in Paragraph 75, generally, and as moot.

76. BGIS denies the allegations in Paragraph 76, generally, and as moot.

77. BGIS denies the allegations in Paragraph 77, generally, and as moot.

### PRAYER FOR RELIEF AND JURY DEMAND

BGIS denies the allegations contain in Grandis's multiple unnumbered prayers for relief and denies that Grandis is entitled to any relief requested. BGIS acknowledges that Grandis has requested a jury trial. BGIS also requests a jury trial.

BGIS denies each and every allegation contained in the Complaint not specifically admitted herein, regardless of whether that allegation is contained in the unnumbered paragraphs, headings, or elsewhere.

### AFFIRMATIVE AND OTHER DEFENSES

BGIS does not assume the burden of proof on any of the following defenses where the substantive law provides otherwise.

1. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. Plaintiff's claims are barred or limited by Plaintiff's failure to mitigate damages.

3. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

4. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.

5. The claims in the Complaint and any alleged damages were caused by the acts, omissions, carelessness, and/or negligence of third persons, for whom BGIS is not legally responsible.

6. The claims in the Complaint and any alleged damages were caused by the acts, omissions, carelessness, and/or negligence of Plaintiff.

7. Plaintiff's injuries and damages, if any, were caused in whole or in part by intervening and/or superseding acts or omissions of third parties, thereby barring or diminishing any recovery.

8. Plaintiff's claims are barred under the doctrine of assumed or incurred risk.

9. Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

10. Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and/or law of the case.

11. Plaintiff's claims are barred in whole or in part by the doctrine of set-off.

12. Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

13. BGIS reserves the right to assert additional defenses as they arise in this matter.

Respectfully Submitted,

HAHN LOESER & PARKS LLP
5811 Pelican Bay Boulevard, Suite 650
Naples, Florida 34108
Phone: (239) 254-2900
Fax: (239) 254-2947

By:     */s/ Phoebe Wise*
ALLISON B. CHRISTENSEN, ESQ.
Florida Bar No. 103515
PHOEBE S. WISE, ESQ.
Florida Bar No. 105652
pwise@hahnlaw.com
*Attorneys for Defendant BGIS Global Integrated Solutions US, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 31th, 2023, a true and correct copy of the foregoing ANSWER OF DEFENDANT BGIS GLOBAL INTEGRATED SOLUTIONS US LLC was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

Lewis Brisbois Bisgaard & Smith LLP
Kenneth J. Joyce, Esq.
Florida Bar No. 986488
David M. Robbins, Esq.
Florida Bar No. 1012340
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954)728-1280
Facsimile: (954)678-4090
E-service: ftlemaildesig@lewisbrisbois.com
Ken.joyce@lewisbrisbois.com
David.robins@lewisbrisbois.com
Linfa.yum@lewisbrisbois.com
Kimberly.lowery@lewisbrisbois.com
*Attorneys for Plaintiffs*

By: */s/ Phoebe Wise*
         PHOEBE WISE, ESQ.