**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

DEVIN GRANDIS, AN INDIVIDUAL
AND ADVANCED POWER
TECHNOLOGIES, LLC, A FLORIDA
LIMITED LIABILITY COMPANY,

      Plaintiffs,

v.

BGIS GLOBAL INTEGRATED
SOLUTIONS US, LLC, A WASHINGTON
STATE CORPORATION, AND BIFM
JERSEY TOPCO LIMITED, A JERSEY
LIMITED COMPANY,

      Defendants.

CASE NO. 22-61477-CIV-
SINGHAL/VALLE

---

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO
COMPEL, DEEM REQUESTS FOR ADMISSIONS
ADMITTED AND FOR SANCTIONS**

Plaintiffs, Devin Grandis ("Grandis") and Advance Power Technologies, LLC ("APT") (collectively, the "Plaintiffs"), by and through their undersigned counsel, hereby file this Response to the Order to Show Cause (the "Order to Show Cause") [DE 63] and Motion for Enlargement of Time to Respond to the Motion to Compel, Deem Requests for Admissions Admitted, and for Sanctions (the "Motion") [DE 62] filed by Defendant, BGIS Global Integrated Solutions US, LLC ("BGIS" or "Defendant"), and state:

    1.    On or about July 14, 2023, Defendant filed the Motion related to certain discovery requests propounded on Plaintiffs in this matter on or about May 12, 2023 (collectively, the "Discovery Requests"). *See* DE 62.

127213501.1

2.      On or about April 6, 2023, Plaintiffs filed their Motion for Enforcement of the Parties' Settlement Agreement reached in this matter and for Extension of Time (the "Motion to Enforce") [DE 51].

3.      As of May 9, 2023, the Motion to Enforce has been fully briefed by the Parties [1] and remains pending of record.  As reflected by the Motion to Enforce and the corresponding record of this case, it has been and remains the position of the Plaintiffs that the Parties reached an agreement on the material terms for settlement that will result in the dismissal of the instant lawsuit on or about March 16, 2023.  *See* De 51.

4.      On or about January 19, 2023, the Court entered an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge  (the "Order") [DE 42], which provided, in pertinent part, for the referral of all discovery matters to Magistrate Judge Alicia O. Valle and the imposition of Judge Valle's expedited briefing schedule for discovery motions, including the shortening of response deadlines to said motions from  14 days to seven (7) following the date of filing .  *See* DE 42.

5.      Based on the filing of the Motion and the shortened response deadline provided by the Order, upon information and belief, Plaintiffs' response deadline to the Motion was due on or before July 21, 2023.

6.       However, notwithstanding the filing of the foregoing Motion and imposition of the corresponding shortened deadline, due to the excusable neglect of the undersigned counsel, the appropriate response deadline was not calendared in the undersigned's calendar or correctly noted in the undersigned's case/document filing management system, as is the normal and ordinary practice of Plaintiffs' counsel and his office.

---

[1]*See* DE's 51, 52, and 61.

7.      More specifically, upon service of any document, it is the general practice of the undersigned's office to have the legal assistant for the attorney of record to properly save the subject filing in the Firm's case/document management filing system and save the corresponding deadline in the Firm's calendaring system.   In the instant circumstance, due to the undersigned's legal assistant mistaken belief that the instant matter had been fully resolved, and otherwise stayed pending adjudication of the Motion to Enforce, the undersigned's office mistakenly failed to consider the expedited discovery briefing schedule set forth by the Order and improperly calendared Plaintiffs' response deadline in the undersigned's system as being July 28, 2023 (the standard 14 day response period), as opposed to the shortened deadline of July 21, 2023 pursuant to the Order.

8.      Independently, the undersigned failed to confirm/verify with his assistant that the response deadline to the Motion saved in the Firm's case/document management filing system was the correct shortened deadline imposed by the Order nor did the undersigned save the corresponding deadline for responding to the Motion in the Firm's calendaring system himself.

9.      Notwithstanding the above-described failures, in response to Defendant's inquiry pursuant to Local Rule 7.1(a)(3) prior to the filing of the Motion, the undersigned unequivocally advised Defendant and its counsel that Plaintiffs considered this matter as settled and opposed not only the relief sought by the Motion, but also any efforts by Defendant to engage in discovery practice pending adjudication of the Motion to Enforce and, as such, intended to oppose the Motion on said basis.

10.     Due to the excusable neglect and inadvertence of the undersigned counsel, including his failure to independently calendar and verify that the undersigned's legal assistant has used the correct shortened discovery response deadline set forth by the Order, the undersigned

3

mistakenly believed that the July 28, 2023, deadline saved in his calendar was correct for purposes of responding to the Motion, rather than the correct deadline of July 21, 2023.

11.     On or about July 24, 2023, Magistrate Valle entered the Order to Show Cause relating to Plaintiffs' failure to timely respond to the Motion on or before the July 21, 2023, deadline and requiring Plaintiffs to show cause on or before July 25, 2023 [DE 63].

12.     However, as described above, Plaintiff's failure to timely respond to the Motion was due to the excusable neglect of the undersigned counsel and not for any willful reason whatsoever. Indeed, the reasons outlined herein relating to the mistakes committed by the undersigned are consistent with those findings made and accepted by Courts throughout this district as constituting excusable neglect.

13.     In deciding whether a party's failure to timely act or file, such as here, the Supreme Court has held that the term "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *See Pioneer Investment Services Co. v. Brunswick Associates, Ltd.,* 507 U.S. 380, 113 S. Ct. 1489. 1498 (1993) (excusable neglect can include "inadvertent or negligent omission"). When an act must be done within a specified time, such as here, the district court may extend the time for good cause, "if the part failed to act because of excusable neglect." *Fed. R. Civ. P.* 6(b)(1)(B).

14.     In analyzing excusable neglect, a court should look at: (1) the danger of prejudice to the non-movant; (2) the length of the delay of its possible impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Cheney v. Anchor Glass Container Corp.,* 71 F. 3d 848, 849-50 (11th Cir. 1996); *see also Advanced Estimating Sys, Inc. v. Riney,* 130 F. 3d. 996, 997-98 (11th Cir. 1997).

15.     Moreover, in instances such as here, when counsel for a party has failed to timely

file an answer by the appropriate court deadline, where there has not been a claim of prejudice by the non-moving party, the delay in responding itself was short and had no apparent impact on the proceeds, or the subject filing was made intentionally or with a lack of good faith, it is not an abuse of discretion by the district court to allow for such late filing.  *See Kirkland v. Guardian Life Ins. Co. of Am.,* 352 F. App'x 293, 297 (11th Cir. 2009).

16.     Here, similar to *Kirkland,* Plaintiffs' delay in responding to the Motion was (and is now) short and has no apparent impact on the proceedings, nor is any party prejudiced by Plaintiff's late filing as Plaintiff has previously asserted its position and intent to oppose the Motion to Defendants.    Finally, like the reasons identified in *Kirkland,* the grounds described above by Plaintiff for failing to timely respond to the Motion, confirm that Plaintiff's failure was caused as a direct result of the inadvertence and excusable neglect of its counsel and not done in bad faith or for purposes of delay.  Accordingly, for the foregoing reasons, Plaintiff has demonstrated that sufficient cause exists for its failure to timely respond to the Motion and as such, the Motion should not be granted by default by this Court.

17.     Moreover, because the Motion to Enforce is fully dispositive of this matter in its entirety, and good cause exists, it is within this Court's discretion, in addition to the best interests of judicial economy, to stay the instant action including all related discovery pending adjudication of the Motion to Enforce.  *See Chrysler Int'l Corp v. Chemaly,* 280 F. 3d 1358, 1360 (11th Cir. 2002); *see also Gibbons v. Nationstar Mortg., LLC,* 2015 U.S. Dist. LEXIS 187929, at *1 (M.D. Fla. May 18, 2015) (holding that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action); *Patterson v. United States Postal Serv.,* 901 F. 2d 927, 929 (11th Cir. 1990).  To allow for discovery to continue prior to adjudication of the Motion to Enforce would be entirely inconsistent should the Court grant the Motion to Enforce

and find that there exists a fully binding settlement agreement between the parties.

18.     As such, based on the foregoing, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs an enlargement of time through and including July 28, 2023 within which to file its Response in Opposition to the Motion and demonstrate the existence of good cause herein to stay the instant proceedings pending adjudication of the Motion to Enforce.

WHEREFORE, for the reasons set forth herein, Plaintiffs, Devin Grandis and Advance Power Technologies, LLC, respectfully request that this Honorable Court enter an Order: i) finding that Plaintiffs have demonstrated that sufficient cause exists; ii) finding that Defendant's Motion should not be granted; iii) granting Plaintiffs an extension of time through and including July 28, 2023 within which to file a timely response in opposition to the Motion and establish the existence of good cause to stay the instant proceedings pending adjudication of the Motion to Enforce; and iv) granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By: *s/David H. Haft*
    Kenneth J. Joyce, Esq.
    Florida Bar No.: 986488
    ken.joyce@lewisbrisbois.com
    linda.yun@lewisbrisbois.com
    David H. Haft, Esq.
    Florida Bar No.: 68992
    david.haft@lewisbrisbois.com
    aviva.pasternak@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

*s/David H. Haft*
David H. Haft