IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-61477-CIV-SINGHAL/VALLE

DEVIN GRANDIS, *et al.*,

    Plaintiffs,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS
US LLC, a Washington limited liability
company, *et al.*,

    Defendants.
_____/

### PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 36 TO WITHDRAW TECHNICAL ADMISSIONS WITH MEMORANDUM OF LAW IN SUPPORT

The plaintiff, Devin Grandis ("Mr. Grandis"), by and through undersigned counsel, and pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, hereby files this Motion to Withdraw Technical Admissions, and states as follows:

#### THE FACTS

This case arises out of BGIS's wrongful termination of the employment of Mr. Grandis after he sold the assets of a twenty-eight-year-old family business to the defendant, BGIS Global Integrated Solutions US LLC ("BGIS"). On December 23, 2021, BGIS, as purchaser, entered into the Asset Purchase Agreement ("APA") with Advanced Power Technologies, LLC ("APT"), as seller. APT was founded by Mr. Grandis with his late father, Stanley Grandis, in or about 1995. *Complaint*, DE # 1-1, pp. 6-7, ¶¶ 9, 12, 13.

Under the APA, BGIS purchased substantially all of the assets of APT. One benefit of the APA negotiated by Mr. Grandis for himself was a three-year employment agreement (the

"Employment Contract") with BGIS. The Employment Contract drafted by BGIS included the following consideration for Mr. Grandis: (a) an employee stock option plan pursuant to which Mr. Grandis was to receive an option to purchase 500 shares in BIFM Jersey Topco Limited ("BIFM"), an offshore entity described in the Employment Contract as being the "ultimate parent entity of BGIS"; (b) annual bonuses pursuant to a program referred to in the Employment Contract as the Optimizer Annual Incentive Award ("OAIA"); (c) an annual base salary not less than $300,000; and (d) a severance package equal to the remaining base salary due under the Employment Contract, due to be paid on an accelerated basis in one lump sum, unless BGIS terminated the employment of Mr. Grandis for "cause," an exception that was defined quite narrowly by BGIS. *See* DE # 1-1, pp. 9-10, ¶¶ 21-24 & pp. 28-32, Exh. A, Employment Contract.

After the deal closed, BGIS sought to eliminate <u>all</u> of the benefits that Mr. Grandis was supposed to receive from the APA transaction, including the consideration payable under the Employment Contract, which agreement BGIS terminated, allegedly for cause, on April 7, 2022, only three months after the closing of the APA transaction on December 31, 2021.

## THIS LAWSUIT

On July 15, 2022, Mr. Grandis and APT filed a six-count complaint against BGIS and BIFM Jersey Topco Limited ("BIFM") in the Seventeenth Judicial Circuit Court in Broward County, Florida. *Complaint*, DE # 1-1. BGIS and BIFM removed the action to this Court on August 9, 2022, alleging diversity jurisdiction. DE # 1, ¶ 15. By the end of 2022, two of the six claims asserted by the plaintiffs had been dismissed without prejudice, DE # 34, and the plaintiff, APT, and the defendant, BIFM, had been dismissed from the lawsuit. DE # 39 ("Advanced Power Technologies, LLC is no longer a plaintiff in this Action."); DE # 37, p. 7.

Throughout the first quarter of 2023, without initiating any discovery, the parties engaged in extensive settlement discussions. Declaration of Grandis, ¶ 2, attached as **Exhibit A** or DE 73-

2

1. However, April 20203 began with a disagreement between the parties as to whether a settlement even existed. *Id.*, ¶ 3. Mr. Grandis filed a motion to enforce what he understood to be an enforceable settlement agreement (the "Plaintiff's Motion to Enforce Settlement"), which motion was opposed by BGIS. DE ## 51, 52, 55, 57.

**THE TECHNICAL ADMISSIONS**

On May 12, 2023, BGIS served written discovery upon Grandis, which discovery included Requests for Admission ("RFAs"), Interrogatories, and Requests for Production. DE # 62-1. In good faith reliance upon the advice of counsel, Grandis permitted his attorneys to not respond to these discovery requests based upon their opinion that he should not and need not engage in any discovery while the motion to enforce the settlement was pending. *See* DE ## 64, 68; *see also* Declaration of Grandis, ¶ 4. On July 14, 2023, BGIS filed a Motion to Compel, to Deem Requests for Admission Admitted, and for Sanctions (the "Defendant's Motion to Compel, Etc."). DE # 62.

Ultimately, on July 28, 2023, The Honorable Raag Singhal, District Judge denied the Plaintiff's Motion to Enforce the Settlement, and, on August 2, 2023, The Honorable Alicia O. Valle, Magistrate Judge, entered an order (the "August 2nd Order") which granted the Defendant's Motion to Compel, Etc. As a result, RFA ## 1-5, 8, are now deemed admitted, even though these six matters are false according to Mr. Grandis. Declaration of Grandis, ¶ 7. By this motion, Mr. Grandis now requests that he be permitted to withdraw these admissions with leave to file the Responses to BGIS's First Request for Admission attached as **Exhibit B** or DE 73-2. Even though Mr. Grandis denies RFA ## 1-2, in the spirit of full disclosure, he has admitted as much of these two requests for admission as he believes to be true, even though an outright denial of these requests for admission would have been permitted under Rule 36.

Mr. Grandis himself bears no responsibility for the brief delay of two months in the commencement of discovery (*i.e.*, from mid-June to mid-August). Declaration of Grandis, ¶ 6.

3

Further since retaining new counsel, Mr. Grandis has made sure that all of BGIS' interrogatories have been answered, responses have been made to all of BGIS' requests for production, documents are being produced to BGIS, Mr. Grandis' deposition on September 1 has been confirmed, and Mr. Grandis has served his own written discovery requests upon BGIS.

### ARGUMENT AND AUTHORITY

***Fed. Rule Applicable to Withdrawal of Admissions.*** Under subdivision (b) of Rule 36 of the Federal Rules of Civil Procedure, the Court may permit the withdrawal of an admission, according to a two-prong test that considers "[1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

***Two-Prong Test.*** Unsurprisingly, Rule 36(b) is applied in accordance with its plain meaning. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). In *Perez*, the Eleventh Circuit held district courts mustapply a "two-part test" in deciding whether to grant a motion to withdraw admissions. *Perez*, 297 F.3d at 1264. "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (citations omitted); *see also Bouzaglou v. Synchrony Fin.,* 19-cv-60118-Bloom/Valle, 2019 WL 3852295, at *3 (S.D. Fla. Aug. 15, 2019) (permitting withdrawal under 36(b)) ("Under Federal Rule of Civil Procedure 36(b), the Court may permit withdrawal of an admission if 'it would promote the presentation of the merits of the action' and if there is no resulting prejudice to the requesting party in maintaining or defending the action on the merits.").

***First Prong.*** A district court should permit the withdrawal of an admission if such will aid in the "ascertainment of the truth and the development of the merits." *Smith v. First Nat'l Bank*,

4

837 F.2d 1575, 1577 (11th Cir.1988). Whether withdrawal of an admission will facilitate presentation of the case and a decision on the merits depends upon the admission's significance. Thus, a district court is likely to permit the withdrawal of an admission that concerns a significant matter, *Harden v. Target Corp.*, No. 09–60010–Civ, 2009 WL 1456349, at *2 (S.D. Fla. May 22, 2009) (Seltzer, J.) (36(b) motion granted); an element of a claim or defense, *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995) (rev'g judgment for denial of 36(b) motion); or admission that "would material affect the presentation of the case." *Bouzaglou* at *3.

**Second Prong.** The second *Perez* prong requires the Court to consider the prejudice to the requesting party in the presentation of its case. *Perez*, 297 F.3d at 1264. "The prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will ... have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* at 1266 (citation omitted). Thus, "[c]ourts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial. *Hadley*, 45 F.3d at 1348. Also, prejudice requires the requesting party to prove "justifiable reliance" upon the deemed admission. Fed. R. Civ. P. 36, advisory committee note.

The purpose behind the Rule 36 is not to avoid earnest discovery, but rather, to save time, streamline trial preparation and "expedite the trial … to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez*, 297 F.3d 1255, 1264, 1268 (citing 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2252 (2d ed. 1994)); *Smith*, 837 F.2d at 1577-78. Thus, a Court should deny a motion to withdraw technical admissions only when a party's reliance on such technical admissions has resulted in the

unavailability of key witnesses, the sudden need to compile evidence at or on the eve of trial, and the like. *Perez*, 297 F.3d at 1266; *Essex Builders Group, Inc.,* 230 F.R.D. at 686-87; *Smith*, 837 F.2d at 1578; *Brook Village N. Assoc. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982).

**Inadvertence.** While no litigant has an absolute right to have admissions withdrawn pursuant to Rule 36(b), the Eleventh Circuit made clear in *Perez* that "a district court must abide by the two-part test in Rule 36(b), and, therefore a district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test—or grossly misapplies the two-part test—in making its ruling." *Id.* at 1265. *But see Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (aff'g withdrawal) (district court may consider inadvertence of litigant in case of deemed admissions).

**Application to This Case.** First, all of the RFAs that Mr. Grandis seeks to withdraw have significance. These admissions do not relate merely to the authenticity of a document, the establishment of a hearsay exception, or a similar matter. Instead, the RFAs relate to critical facts concerning elements of the claims asserted in Counts 1, 2, and 5 or defenses to these claims.

Six of the eight RFAs, *i.e.*, Nos. 1-6, relate to whether BGIS had "Cause" to terminate the employment of Mr. Grandis so as to avoid the payment of a severance of approximately $820,000. *See* Count 1 for Breach of Employment Contract & Count 2, Breach of Duty of Good Faith in Employment Contract. The Employment Contract between Grandis and BGIS required BGIS to pay an accelerated, lump-sum severance if BGIS were to terminate Grandis without "Cause," which term was narrowly defined in an agreement drafted by BGIS.

> "**Cause**" means BGIS's good faith and reasonable determination that you have engaged in any of the following:
>
> (i) your material failure to perform your duties and responsibilities to BGIS, including but not limited to, a failure to cooperate with BGIS in any investigation or formal proceeding; provided, however,

6

>you shall have the right to cure such material failure to the reasonable satisfaction of BGIS (if capable of being cured) within thirty (30) days after delivery by BGIS to you of written notice requiring curative action;
>
>(ii) your commission of any act of fraud, embezzlement, dishonesty or any other intentional misconduct that results in material injury to BGIS; and
>
>(iii) the unauthorized use or disclosure by you of any proprietary information or trade secrets of BGIS or any other party to whom you owe an obligation of nondisclosure as a result of a commitment you made in good faith; provided, however, you shall have the right to cure such unauthorized use or disclosure to the reasonable satisfaction of BGIS (if capable of being cured) within thirty (30) days after delivery by BGIS to you of written notice requiring curative action.

DE # 1-1, p. 24 (emphasis added).

The other two RFAs, *i.e.*, Nos. 7-8, relate to whether BGIS violated Section 772.103 of the Florida Statutes by using a facsimile stamp to forge/utter Mr. Grandis' signature. *See* Count 5.

According to Mr. Grandis' theory of the case, BGIS has concocted a "cause" to support its termination of his employment in order to avoid the severance owed him. Five of the RFAs relate to training that Grandis was requested to complete, and did in fact complete or statements that Mr. Grandis never made or that BGIS intentionally misconstrues. Another RFA concerns Grandis's damages from the forgery of his signature with a facsimile stamp after he was terminated by BGIS. All of the matters deemed admitted will figure importantly in the Court's decision of this case under Rule 56 or the jury's determination at trial.

Yet, because of the technical admissions, Grandis is now deemed to have admitted facts which he is prepared to prove are false. BGIS should not be permitted to seek relief or be excused from its clear breach of the employment agreement based on facts not obtained from an earnest evaluation of the merits of this case in discovery, but rather, facts established by a mere procedural

7

technicality. Accordingly, the first prong of *Perez's* two-prong test weighs heavily in favor of allowing Plaintiff's withdrawal of the admissions.

Second, BGIS will not suffer any meaningful prejudice if RFAs 1-5 & 8 are withdrawn. First, BGIS cannot show justifiable reliance as these RFAs have been deemed admitted for only about two weeks. Here, BGIS will suffer absolutely no prejudice. BGIS has not taken any action since August 2, 2023 based on the technical admissions. No depositions have been taken to date. BGIS has scheduled Grandis' deposition for September and has Mr. Grandis' responses to Defendant's Request for Admissions sufficiently in advance of the deposition. Moreover, this Motion is made well in advance of trial, and the parties still have time to obtain evidence and use discovery, if necessary, to prove their case without reliance on deemed admissions. Thus, the second prong of the *Perez* test also weighs heavily in favor of permitting Plaintiff to withdraw the technical admissions.

Moreover, the question of whether BGIS will suffer prejudice does not pertain to whether the excuse for a party's failure to timely respond to requests for admission is adequate. *Perez*, 297 F.3d at 1265. Regardless, even if a party's excuse mattered, Mr. Grandis has shown that he was in no way responsible for the commencement of discovery in mid-August rather than mid-June when the written discovery requests were initially due. In fact, he is no more responsible for the delay than was BGIS which waited one month before it filed the Motion to Compel, Etc. DE # 62.

Instead, prejudice, for purposes of a Rule 36(b) motion, must be evaluated in terms of what effect the withdrawal of the admissions will have on the litigation. Here, with over six weeks before the discovery cut-off and five months before trial, BGIS cannot reasonably argue that it

will be prejudiced in any respect. Therefore, the Court should permit Plaintiff to withdraw or amend the technical admissions.

WHEREFORE, Plaintiff respectfully requests that the Court permit Plaintiff to withdraw the technical admissions required by DE 69 and substitute in place of the deemed admissions the proposed Responses to BGIS' Requests for Admissions attached hereto as Exhibit B. A proposed order granting this relief is attached as **Exhibit C** or DE 73-3.

Respectfully submitted,

BENNETT AIELLO

3471 Main Highway, Suite 206
Coconut Grove, Florida 33133-5929
Phone: (305) 358-9011
Facsimile: (305) 358-9012


By:＿＿/s/ Paul Aiello＿＿＿＿＿
　　Michael P. Bennett, FBN 775304
　　mbennett@bennettaiello.com
　　Paul Aiello, FBN 909033
　　paiello@bennettaiello.com


CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to S.D. Fla. L.R. 7.1, on August 16, 2023, I conferred by electronic mail with Robert Port, one of the attorneys of record for the remaining defendant, BGIS Global Integrated Solutions US, LLC, regarding this motion to substitute counsel for plaintiff, and the defendant opposes the relief sought in this motion.

　　　　　　　　　　　　　　　　　　　/s/  Paul Aiello＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　Paul Aiello, FBN 909033

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of August, 2023 a true and correct copy of the original of this document was submitted through CM/ECF for filing and service upon the attorneys of record in this action.

      /s/    Paul Aiello
      Paul Aiello