IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-61477-CIV-SINGHAL/VALLE

DEVIN GRANDIS, *et al.*,

    Plaintiffs,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS
US LLC, a Washington limited liability
company, *et al.*,

    Defendants.

_____/

### DECLARATION OF DEVIN GRANDIS IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 36

I have personal knowledge that the matters stated below are true and correct:

1. In 2022, I retained the law firm, Lewis Brisbois (hereinafter, "Prior Counsel"), to represent Advanced Power Technologies, LLC ("APT") and me in this action, which began in state court in July 2022, against BGIS Global Integrated Solutions US LLC ("BGIS") and BIFM Jersey Topco Limited.

2. In the first quarter of this year, the parties, who remained in this action, BGIS and me, engaged in extensive settlement negotiations through our respective counsel. When the negotiations ended on or about March 30, 2022, the parties were left with one disagreement, whether or not a settlement existed.

3. In early April 2023, Prior Counsel filed a motion to enforce the settlement, which motion BGIS opposed.

4. Based on the advice of Prior Counsel, I believed in good faith that I was not required

to respond and should not respond to written discovery requests served on me by BGIS on May 12, 2023 while the motion to enforce settlement was pending. Specifically, based on the advice of Prior Counsel, I believed in good faith that responding to discovery would be viewed as inconsistent with the position that Prior Counsel took on my behalf that the case was settled. I am not a lawyer, nor have I ever received any legal training. Consequently, I was in no position to overrule Prior Counsel's instruction.

5. I later learned that the motion to enforce the settlement was denied by the Court on July 28, 2023. I also learned that the Court entered an Order on August 2, 2023, (a) deeming all of BGIS's requests for admission as admitted based upon my failure to respond to same, (b) ordering all outstanding discovery responses from the plaintiff to be provided in fourteen days, and (c) requiring that $500 be paid within thirty days to the defendant (BGIS) as a sanction. Thereafter, in early August, I retained my current counsel and terminated my relationship with Prior Counsel.

6. I never had any intention of disregarding any discovery deadline, delaying these proceedings, or in any respect violating any rule applicable to this lawsuit. If I had known that the pending motion to enforce settlement was in no way an excuse for my not responding to the Defendant's discovery requests, I would have insisted my Prior Counsel do so on a timely basis.

7. Certain admissions now deemed admitted, *i.e.*, RFA ## 1-5 & 8, are false and contrary to evidence and testimony that I will give if permitted by the Court to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this the 16th day of August, 2023.

_____
DEVIN GRANDIS