IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-61477-CIV-SINGHAL/VALLE

DEVIN GRANDIS, *et al.*,

    Plaintiffs,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS
US LLC, a Washington limited liability
company, *et al.*,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S EXPEDITED MOTION FOR EXPEDITED DISCOVERY AND FOR AN EXTENSION OF TIME

The plaintiff, Devin Grandis ("Mr. Grandis"), through undersigned counsel, hereby responds to the Expedited Motion for Expedited Discovery and for an Extension of Time ("Defendant's Motion for Expedited Discovery"), DE 74, by the defendant, BGIS Global Integrated Solutions US LLC ("BGIS" or "Defendant").

#### THE FACTS

The Defendant has requested expedited responses to its second written discovery requests ("Defendant's Second Written Discovery Requests") served on August 17, 2023 on a collateral matter, namely, whether or not Mr. Grandis was told by his prior counsel that the Defendant's first written discovery requests should not be responded to due to a pending motion by Mr. Grandis to enforce the settlement ("Plaintiff's Motion to Enforce"). DE 51. According to BGIS, this information is needed on an expedited basis for it to timely respond to Mr. Grandis' Motion

Pursuant to Fed. R. Civ. P. 36 to Withdraw Deemed Admissions ("Plaintiff's Motion to Withdraw Admissions"). DE 73.[1]

BGIS requested that Mr. Grandis agree to respond to the Defendant's Second Written Discovery Requests within one week's time, and that he agree to enlarge the deadline for BGIS's response to Plaintiff's Motion to Withdraw Admissions until September 7, 2023, some two weeks after the deadline for the response is supposed to expire according to Judge Valle's Discovery Procedures – Updated Jan. 2020.[2]

While BGIS may believe this issue to be of some importance, in reality it is a side show that will not advance the merits of case. Of far more importance to Mr. Grandis is the need to prepare for his upcoming deposition on September 1, 2023. Even though the undersigned attorneys learned about this case for the first time earlier this month, they did not attempt to move the date of Mr. Grandis' deposition first requested by BGIS in mid-July 2023 because the undersigned attorneys recognized that the current discovery cut-off in this action is September 28, 2023. DE 67, p. 2.

On or about August 4, 2023, the undersigned firm agreed to take over from Mr. Grandis' prior counsel the prosecution of the claims that remained and so advised BGIS' counsel the next day. Ultimately, BGIS objected to Mr. Grandis' motion to substitute attorneys because the undersigned lawyers were unwilling to stipulate that the "current schedule," whatever BGIS understood that to mean, could not be altered. DE 70. Somewhat surprisingly, BGIS actually

---

[1] With Plaintiff's Motion to Withdraw Admissions, a declaration by Mr. Grandis is filed in which he states under oath that he relied in good faith upon the instruction of his prior counsel that he not answer any written discovery while Plaintiff's Motion to Enforce was pending.

[2] As pointed out in the Court's August 21, 2023 Paperless Order, BGIS misstates the deadline for its response in Defendant's Motion for Expedited Discovery. DE 74 at p.3.

2

opposed Mr. Grandis' motion to substitute attorneys simply because they refused to stipulate that there could be no alteration of the "current schedule." DE 71.

While attempting to learn the facts and law applicable to claims that remained viable in this action, the undersigned attorneys simultaneously began efforts to bring Mr. Grandis into compliance with this Court's paperless order granting a motion to compel on August 2, 2023 (the "August 2nd Order"), DE 69, while at the same time preparing for Mr. Grandis' upcoming deposition on September 1, 2023 and serving initial written discovery requests on behalf of Mr. Grandis. On August 16, 2023, in compliance with the August 2nd, Order, Mr. Grandis served responses to Defendants' First Request for Production, Answers to Defendant's First Set of Interrogatories, and produced documents.[3]

In the course of beginning their representation of Mr. Grandis in this action, Mr. Grandis, through counsel, requested BGIS to provide the documents mentioned in BGIS' initial disclosures served on September 12, 2022, but still not produced almost one year later, as such would assist Mr. Grandis' counsel in preparing their client for his deposition. BGIS's counsel refused to cooperate in this regard. On August 16, 2023, Mr. Grandis also filed Plaintiff's Motion to Withdraw Admissions along with proposed amended responses to BGIS' First Request for Admissions. BGIS objected to this motion, and refused to permit Mr. Grandis to amend or withdraw the technical admissions.

As a result of BGIS's lack of cooperation, and given the other pressing deadlines and work to get up to speed in the case, Mr. Grandis, through counsel, declined to provide the expedited

---

[3] None of these activities had been commenced by prior counsel, who believed the Plaintiff's Motion to Enforce would moot and end all litigation in this action, including, without limitation, BGIS' motion (the "Defendant's Motion to Compel") filed on July 14, 2023 to compel responses to extensive written discovery served on May 12, 2023. DE 62.

3

discovery, but promised to reconsider if BGIS would produce the documents previously mentioned in BGIS' Initial Disclosures. BGIS, through counsel, stated there was no equivalency between the requests of BGIS' and Mr. Grandis' attorneys, and instead of conferring further by e-mail or telephone, BGIS went ahead and filed Defendant's Motion for Expedited Discovery.

### THE DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY MISSTATES THE RECORD

More troubling is the fact that BGIS' current motion, DE 74, gives the misimpression that the Plaintiff's Motion to Withdraw Admissions and Mr. Grandis' Declaration in support of this motion are disingenuous:

> In the Motion to Withdraw, Grandis is now, for the first time, relying on "advice of counsel" as the reason for his failure to respond to discovery. [citing/quoting . . . DE 73 at p. 3; DE 73-1 . . .] **This is in direct contravention to Grandis's prior representation to the Court that his failure to respond to discovery was due to his Prior Counsel's "excusable neglect"** for "failure to independently calendar and verify that the undersigned's legal assistant has used the correct shortened discovery response deadline."

DE 74, p. 2 (emphasis added).

The "prior representation" referred to by BGIS was an assertion on July 25, 2023 by Mr. Grandis' prior counsel in response to the Court's Show Cause Order. DE 64. In this document, prior counsel acknowledged that Plaintiff's Response to the Motion to Compel, was late because prior counsel's legal assistant used the 14-day deadline for responses to motions under S.D. Fla. L.R. 7.1(c)(1)], as opposed to the shortened 7-day deadline for responses to discovery motions according to Judge Valle's Discovery Procedures – Updated Jan. 2020. DE 64, ¶ 7.

However, page 2 of the current motion, asserts there was a prior representation about "his [Grandis'] failure to respond to discovery." DE 74, p. 2 (citing DE 64, ¶¶ 6, 10, 12). In fact, there is no such statement in the Plaintiff's Response to the Court's Show Cause Order. Nowhere in DE 64 did Grandis' prior counsel state that the failure to respond to the Defendant's first written

4

discovery requests was due to a calendaring error constituting excusable neglect. Prior counsel said only that the response to the Defendant's Motion to Compel – not the responses to the discovery request – was untimely due to "excusable neglect" arising out of a calendaring error. As set forth in the Court's August 2nd Order, Mr. Grandis' prior counsel's position for not responding to the discovery was based on prior counsel's belief and advice that the Motion to Enforce constituted good cause to stay discovery. DE 69 (citing DE 68 at 7-8).

### ARGUMENT AND AUTHORITIES

The undersigned acknowledges that the Rules permit the shortening of deadlines for responses to written discovery, Fed. R. Civ. P. 33(b)(2), 34(a)(2), 36(a)(3), and the lengthening of deadlines for responses to motions. Fed. R. Civ. P. 6(b)(1); *see also* S.D. Fla. L. R. 7.1. However, BGIS has failed to demonstrate adequate reason to shorten the period for responding to the discovery requests **and** lengthening its response to Plaintiffs' Motion to Withdraw Admissions. Moreover, BGIS' counsel has not construed the Rules in a manner that was fair and just to all parties. Fed. R. Civ. P. 1. Instead, BGIS' counsel has construed and applied the Rules in a manner that seems one-sided and unfair.

Nevertheless, in a good faith effort to resolve this issue, avoid further need for unnecessary judicial intervention on superficial issues, and seeking to put an end to wasteful motion practice, simultaneous with this Response, Mr. Grandis, without waiver of any other attorney-client privilege, is serving copies to BGIS's counsel of the four e-mails from Mr. Grandis' prior counsel that were the basis for his good faith reliance upon prior counsel's instruction that he not respond to BGIS's written discovery while the Plaintiffs' Motion to Enforce was pending.

WHEREFORE, Mr. Grandis respectfully requests that the Court deny Defendant's Motion for Expedited Discovery, deny any request by BGIS for any further discovery on this tangential

issue, order BGIS to respond to Plaintiff's Motion to Withdraw Admissions, and grant Mr. Grandis any further relief as the Court deems just and proper.

                                    Respectfully submitted,

                                    BENNETT AIELLO

                                    3471 Main Highway, Suite 206
                                    Coconut Grove, Florida 33133-5929
                                    Phone: (305) 358-9011
                                    Facsimile: (305) 358-9012

                                    By:   */s/ Paul Aiello*
                                        Michael P. Bennett, FBN 775304
                                        mbennett@bennettaiello.com
                                        Paul Aiello, FBN 909033
                                        paiello@bennettaiello.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of August, 2023 a true and correct copy of the original of this document was submitted through CM/ECF for filing and service upon the attorneys of record in this action.

                                                    */s/     Paul Aiello*
                                                    Paul Aiello