IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-61477-CIV-SINGHAL/VALLE

DEVIN GRANDIS, *et al.*,

    Plaintiffs,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS
US LLC.,

    Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION
TO WITHDRAW DEEMED ADMISSIONS PURSUANT TO FED. R. CIV. P. 36**

The plaintiff, Devin Grandis ("Mr. Grandis"), through undersigned counsel, pursuant to S.D.L.R. 7.1(c)(1) and Magistrate Judge Valle's Discovery Procedures, files this Reply to Defendant's Opposition (the "Response"), DE 81, to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 36 to Withdraw Technical Admissions (the "Motion"). DE 73.

**THE GOOD FAITH RELIANCE UPON COUNSEL ISSUE**

The Response, which is eleven pages in violation of the Court's page limitation, obfuscates who is responsible for the failure to respond to BGIS's written discovery, including the RFAs. Instead of addressing Plaintiff's assertion that he "relied in good faith upon counsel," DE 73, pp. 3-4, the Response incorrectly uses the terms "Grandis," "Mr. Grandis," and "Grandis's counsel" as if they were interchangeable, referring to Mr. Grandis when it should refer to his counsel and vice-versa. As a result of this imprecision, the Response repeatedly fails to differentiate between Mr. Grandis and his Prior Counsel. DE 81, pp. 1-4.[1]

---

[1] "Prior Counsel" and other defined terms in the Motion shall have the same meaning in this Reply.

Indisputably, in none of Prior Counsel's emails before July 28, 2023 was Mr. Grandis informed that he was supposed to begin preparing responses to the written discovery. DE 81-1. Instead, based upon the pending Motion to Enforce Settlement, DE 51, Prior Counsel told Mr. Grandis that they would file a motion for protective order to avoid his having to respond to discovery. DE 81-1. No Prior Counsel ever told Mr. Grandis that they had <u>not</u> filed a motion for protective order. DE 81-1. Moreover, it was not until July 28, 2023, when the Court denied the Motion to Enforce Settlement, DE 66, that Prior Counsel told Mr. Grandis for the first time, "now that the court has ruled there is [sic] was [no] settlement we will have to move forward and acknowledge discovery will need to proceed." **Exhibit 1**.[2]

Since engaging new counsel, Mr. Grandis has fully complied with the August 2nd Order, DE 69, including serving answers and responses to interrogatories and document requests on August 16, 2023, DE 80, and serving proposed responses to the RFAs along with the Motion, which seeks to withdraw deemed admissions to RFA ## 1-5 & 8. DE 73-2.[3]

Also, on September 1, 2023, Mr. Grandis was deposed pursuant to a notice served two weeks before he engaged his current counsel. Notwithstanding the motion to expedite discovery

---

[2] Exhibit 1 to this Reply is the fourth email that was provided with Plaintiff's response to the BGIS' recent motion to expedite discovery. DE 76, p. 5 (referring to four emails). Inexplicably, the Response attaches only three of the emails.

[3] BGIS correctly observes that RFA ## 6-7 are not at issue, DE 81, p. 9, n.3, because Mr. Grandis admitted these two matters to be true. DE 73-2. This is not a situation in which Mr. Grandis indiscriminately seeks to undo all admissions with formulaic responses. *Bouzaglou v. Synchrony Fin.,* 19-CV-60118, 2019 WL 3852295, at *3 (S.D. Fla. Aug. 15, 2019) (requiring that admissions allowed pursuant to 36(b) be unaccompanied by boilerplate). Likewise, even though RFA ## 1-2 have been denied, Mr. Grandis explained the reason for the denial in his proposed responses. *Id.*, pp. 1-2. The current record supports a finding that Mr. Grandis is cooperating in discovery, having provided complete responses to all requests and having paid the $500 fine. DE 80.

related to the advice of Prior Counsel, DE 74, BGIS did not ask a single question at the recent deposition about why the RFAs were not responded to earlier this summer.[4]

In the Response, even though Mr. Grandis has no blame for his Prior Counsel's actions or inaction, BGIS conflates the acts and knowledge of Prior Counsel and Mr. Grandis:

> . . . Grandis's counsel knew that Grandis could not simply refuse to engage in discovery. On May 17, 2023, five days after BGIS served discovery on Grandis, Counsel for Grandis explicitly informed him that they need to file a motion for protective order. And when counsel for BGIS informed Grandis, two months later [when the Plaintiff's Motion to Enforce Settlement had been denied], that his responses were "substantially overdue," Grandis's counsel continued to ignore the obligation to [sic] a motion for protective order. . . . <u>[N]either BGIS nor the Court knew that Grandis knowingly failed to file the appropriate motion for protective order. But this new information shows that Grandis' conduct was worse than originally known</u>.

Response, DE 81, pp. 3-4 (emphasis added). The conclusion made in the last two sentences of this paragraph is a non-sequitur that inverts the attorney-client relationship, improperly suggesting that Grandis, as opposed to Prior Counsel, was responsible for the filing of a motion for protective order or for stay of discovery. *See* S.D. Fla. Local Rules 11.1(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein . . . .").[5]

---

[4] While a transcript of Mr. Grandis's deposition is not yet available, such has been ordered, and will be submitted if the Court deems it necessary to the determination of the Motion.

[5] As previously stated, without any legal education, Mr. Grandis was in no position on his own to "overrule his Prior Counsel's instruction," as he did not know that the pending Plaintiff's Motion to Enforce Settlement was not an excuse for not responding to the discovery. DE 73-1, ¶¶ 4, 6. After learning of the August 2nd Order, Mr. Grandis consulted with his current counsel and soon thereafter authorized them to substitute for Prior Counsel as his attorneys in this action. DE 70.

## THE NATURE OF THE MATTERS DEEMED ADMITTED

All of the currently deemed admissions that Mr. Grandis seeks to withdraw relate to elements of the three claims that remain in this action.

*(1) Five Admissions Related to Severance Claim in Counts One or Two.* The RFAs focus upon one of the bases alleged by BGIS to be "cause" for termination of Mr. Grandis's employment, Answer, DE 46, p. 4, ¶ 35, and, therefore, an excuse for BGIS's failure to pay severance pursuant to the Employment Contract executed in the form of a letter agreement. The undersigned forgot to attach the fully executed Employment Contract to the Motion so a copy is attached as **Exhibit 2** for the Court's convenience.

*(a) RFA ## 1-2 about online courses.* Two of the admissions relate to whether Mr. Grandis failed to comply with a request of BGIS that he complete online courses on civility behaviors and gender bias. Mr. Grandis has requested the Court to permit him to deny RFA ## 1-2 because these admissions are false as established by his sworn answer to BGIS's First Set of Interrogatories # 7. A copy of the Interrogatory Answers are attached as **Exhibit 3**.

*(b) RFA ## 3-5 about the Conduct of Mr. Grandis.* Three admissions relate to alleged "sexual harassment" by Mr. Grandis, whom BGIS accuses of creating a "hostile workplace" for a female co-worker. Neither sexual harassment nor hostile workplace are explicitly identified in the definition of "Cause" in the Employment Contract. *See id.*, p. 2. Apparently, BGIS believes its allegations, if proven, support an inference of "intentional misconduct that result[ed] in material injury to BGIS." Exhibit 2, p. 2, "Cause" definition, ¶ 2. Mr. Grandis requests leave of

4

Court to deny RFA ## 3-5 because these admissions are false as shown by his answers to BGIS' Interrogatories, ## 9-12, 14. *See* Exhibit 3.[6]

***(2) Admission related to Claim under the Civil Remedies for Criminal Practices Act in Count Five.*** RFA #8 relates to the claim of Mr. Grandis based upon BGIS's continued use, over his objection, of a facsimile stamp to endorse checks and other documents by APT and other companies after he was terminated by BGIS. Mr. Grandis requests leave of Court to deny RFA # 8 because this admission is false as indicated in his sworn Interrogatory Answers, ## 16-18. *See* Exhibit 3.

### DEFECTS IN DEFENDANT'S ARGUMENT

In nearly all of the cases cited in the Response, 36(b) relief was denied to litigants whose attorneys made admissions and then sought to withdraw same. *NCH Healthcare Sys., Inc. v. Paxera Health Corp.*, No. 2:19-cv-632-SPC-MRM, 2021 WL 3009573, at *4 (M.D. Fla. Apr. 2, 2021) ("Defendant seeks to amend its responses to Requests for Admissions from partial admissions to straight denials); *Hanes v. Greyhound Lines, Inc.,* No. CA-03-0671-CG-C, 2005 WL 8158597, at *2 (S.D. Ala. Apr. 21, 2005) (denying 36(b) relief as admission by attorney deemed a "studied response"); *Apple, Inc. v. Corellium, LLC*, No. 19-81160-cv-Smith/Mattewman, 2021 WL 2712132, at *3 (S.D. Fla. June 30, 2021) ("this is not a situation where [litigant] . . . by mistake or inadvertence failed to respond to a request for admission, and . . . [opponent] is now playing 'gotcha.' All of the cases cited by . . . [movant under 36(b) are based

---

[6] A claim for hostile workplace requires proof that the employee was subject to unwelcome harassment; the harassment complained of was based upon the employee's sex; and the harassment was sufficiently severe or pervasive so as to alter the conditions of employment. *Wilcox v. Corrections Corp. of Am.*, 892 F.3d 1283, 1286-87 (11th Cir. 2018). According to the interrogatory answers and recent deposition testimony, BGIS cannot prove these elements of "hostile workplace," let alone "intentional misconduct that result[ed] in material injury to BGIS."

5

on situations where the responding party failed to answer the request for admission, and the matter was therefore deemed admitted . . . ."). Trial courts more often permit the withdrawal of deemed admissions. *See Perez v. Miami-Dade County*, 297 F.3d 1255 (2002) (litigant permitted to withdraw a deemed admission); *Bouzaglou,* 2019 WL 3852295 (same); *Harden v. Target Corp.*, No. 09–60010–Civ, 2009 WL 1456349 (same).

As made clear in the cases cited in the Motion, the first prong is satisfied if the deemed admission relates to a critical part of the case, such as, for example, the element of a claim or defense. Given that all of the matters deemed admitted concern elements of the remaining claims asserted by Mr. Grandis, *supra* pp. 4-5, the first prong is satisfied. In cases of sexual harassment or hostile workplace, often it is the coalescing of multiple unwelcome acts that permit the inference of a hostile workplace, particularly when no single incident on its own would be sufficient. BGIS argues that Mr. Grandis is not prevented from proving his case because he can still litigate "whether [his] . . . conduct constituted 'cause' for termination as defined in the Employment Agreement." Response, p. 5. BGIS wants to leave Mr. Grandis with no more than a legal argument, which is akin to leaving him "with one arm behind his back." Mr. Grandis should be permitted to challenge the facts underlying BGIS's cause argument. Similarly, Mr. Grandis should not be deprived of an opportunity to obtain damages on his claim under Section 772.104.

Finally, Mr. Grandis respectfully submits that BGIS has made no argument with respect to the second prong of the test for relief under 36(b) because no possible argument exists, especially since BGIS took Mr. Grandis' deposition on September 1, 2023. Permitting withdrawal of the technical admissions will "promote the presentation of the merits of the action." *Bouzaglou*, 2019 WL 3852295, at *3. Accordingly, the Motion to Withdraw Admissions should be granted.

Respectfully submitted,

BENNETT AIELLO KREINES

3471 Main Highway, Suite 206
Coconut Grove, Florida 33133-5929
Phone: (305) 358-9011
Facsimile: (305) 358-9012

By: /s/ Paul Aiello
Michael P. Bennett, FBN 775304
mbennett@bennettaiello.com
Paul Aiello, FBN 909033
paiello@bennettaiello.com
Jeremy R. Kreines, FBN 101119
jkreines@bennettaiello.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2023 a true and correct copy of the original of this document was submitted through CM/ECF for filing and service upon the attorneys of record in this action.

/s/ Paul Aiello
Paul Aiello