IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **DEVIN GRANDIS, and ADVANCED POWER TECHNOLOGIES, LLC** | )<br>)<br>) |
| **Plaintiffs**, | ) CASE NO. 22-CV-61477-AHS<br>)<br>) JUDGE RAAG SINGHAL |
| v. | )<br>) |
| **BGIS GLOBAL INTEGRATED SOLUTIONS US LLC, and BIFM JERSEY TOPCO LIMITED** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**BGIS'S MOTION FOR PROTECTIVE ORDER**

Defendant BGIS Global Integrated Solutions US LLC's ("BGIS"), pursuant to Federal Rule 26, and this Court's prior Order, hereby moves this Court for entry of a protective order preventing inquiry into topics related to Plaintiff's dismissed Earnout and Working Capital claims.

## I.  INTRODUCTION

BGIS seeks a protective order prohibiting Plaintiff's counsel from abusing the process of this litigation to gain discovery in the arbitration related to Working Capital and Earnout. there are only two remaining claims in this case. First, whether BGIS breached Grandis's employment agreement by (a) failing to pay him severance after his termination, and (b) not awarding certain stock options to Grandis. Second, whether BGIS misused Grandis's signature stamp after termination of his employment. [*See* Compl. at Counts I, II, and V.] Grandis originally pleaded two other causes of action based on an alleged breach of the asset purchase agreement relating to Working Capital and Earnout Payments. [*See* Doc. # 10 (11/30/22 Order dismissing Counts III and IV).] But the Court dismissed those claims, "**WITH PREJUDICE**," (emphasis in original)

ordering that Plaintiff "shall resolve *all issues* regarding Working Capital and Earnout Payment through the neutral Arbitrator as required by the APA [Asset Purchase Agreement]." [*Id.* at p. 10 (emphasis added).] Despite the Court's Order, Plaintiff's counsel seeks to inquire into Working Capital and Earnout issues in discovery, including depositions. It is axiomatic that a party is not entitled to seek discovery into issues related to claims that the Court dismissed with prejudice, and it is wholly inappropriate to use the Federal Court discovery mechanisms to obtain discovery for use in the pending arbitration. As the Court noted, that inquiry is left to the arbitrator.

## II.  FACTUAL BACKGROUND

At the deposition of Paul Nizer on Friday October 13, 2023, Plaintiff's counsel attempted to inquire into issues related to past inventory valuation practices of APT, a topic related solely to the Working Capital calculation. After allowing initial inquiry into that topic, BGIS's counsel objected and noted that the Working Capital and Earnout claims had been dismissed with prejudice. Plaintiff's counsel argued that the discovery was relevant to Mr. Grandis's claim that he had not been fully and fairly compensated. But as the Court ordered, the Parties must resolve all compensation issues relating to Working Capital and Earnout Payment through arbitration, as set forth in the APA. And as shown below, it is manifestly improper to use the discovery process in this case for use in the Court-ordered arbitration.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 only allows discovery into matters relevant to a parties' claims or defenses. Fed. R. Civ. P. 26(b)(1). Necessarily, that means that the Rules would not permit discovery into a claim if the claim has been dismissed from the litigation with prejudice. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997). The Court dismissed the Working Capital and Earnout claims, and *all issues* related to those claims are being

handled in arbitration. *Chudasama* involved a wide-ranging scope of discovery due to Plaintiff's dubious fraud claim. The matter reached the 11th Circuit on appeal of a discovery sanctions resulting from the defendants' refusal to provide discovery in response to the plaintiffs' "overreaching" discovery. *Id.* at 1356. The 11th Circuit noted that it was the Court's responsibility to regulate discovery, including by dismissing claims to narrow the scope of discovery. *Id.* at 1367. The Court further opined that trial courts should adjudicate Motions to Dismiss expeditiously and at the outset of litigation, "before discovery begins"—just as the Court did here. *Id*. The purpose of that procedure was to eliminate those claims from the scope of discovery. *Id*.

It is improper for a party to inquire into matters that have been dismissed from litigation. *Niagara Distributors, Inc. v. N. Ins. Co. of New York*, No. 10-61113-CIV, 2011 WL 13096634, at *1 (S.D. Fla. July 11, 2011) ("When a claim has been dismissed, discovery relevant only to the dismissed claims is improper.) To the extent that the discovery is an effort by Mr. Grandis to investigate other potential claims, that is improper. *See Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). It is axiomatic that the Court's dismissal of Plaintiff's Working Capital and Earnout Payment claims necessarily eliminated the right to discovery into those claims. Accordingly, the Court should find that discovery into these dismissed claims is improper.

## IV.  CONCLUSION

WHEREFORE, pursuant to Federal Rule of Civil Procedure 26, and this Court's previous rulings, BGIS respectfully requests that the Court enter a protective order prohibiting discovery into topics related to Working Capital and Earnout Payments.

Respectfully Submitted,

HAHN LOESER & PARKS LLP

|   |   |
|---|---|
| | 5811 Pelican Bay Boulevard, Suite 650<br>Naples, Florida 34108<br>Phone: (239) 254-2900<br>Fax: (239) 254-2947 |
| By: | */s/ Phoebe Wise*<br>ALLISON B. CHRISTENSEN, ESQ.<br>Florida Bar No. 103515<br>PHOEBE S. WISE, ESQ.<br>Florida Bar No. 105652<br>pwise@hahnlaw.com<br>achristensen@hahnlaw.com<br>*Attorneys for Defendant BGIS Global Integrated Solutions US, LLC* |

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to S.D. Fla. L.R. 7.1, on October 13, 2023, both on the record during the deposition of Paul Nizer and on a telephone call afterwards, I conferred with Paul Aiello, one of the attorneys of record for plaintiff Devin Grandis regarding this Motion, and the Mr. Grandis does not consent to, and therefore opposes, the relief sought in this Motion.

By: */s/ Michael B. Pascoe*
Michael B. Pascoe, ESQ.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 16, 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

          By: */s/ Phoebe Wise*
              PHOEBE WISE, ESQ.