UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61477-CIV-SINGHAL/VALLE

DEVIN GRANDIS, *et al.*,

    Plaintiffs,

v.

BGIS GLOBAL INTEGRATED
SOLUTIONS US LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Defendant BGIS Global Integrated Solutions US LLC's ("BGIS") Expedited Motion to Strike Plaintiff Devin Grandis's Amended Complaint and Motion to Dismiss for Failure to State a Claim or in the Alternative to Allow Additional Discovery (the "Motion") (DE [173]).  Plaintiff Grandis filed a Response to BGIS's Motion requesting that the Court deny expedited relief (DE [174]).  Defendant BGIS filed a Reply in Support of the Motion defending its request for expedited relief (DE [175]).

In the Court's Order on the Defendant BGIS's Motion for Judgment on the Pleadings as to Count V, the Court dismissed Count V of Plaintiff's Complaint (DE [1-1]) without prejudice and granted Plaintiff leave to file an amended complaint, recognizing both Plaintiff's request to amend its pleading and the fact that Plaintiff recently retained new counsel.  *See* (DE [167] at 7).

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires."  *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (citations omitted).  The Supreme Court has directed that leave to amend should

be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, the Eleventh Circuit has stressed that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Court's Order on the Defendant's Motion for Judgment on the Pleadings as to Count V (DE [167]) did not limit the scope of its grant of leave for Plaintiff to file an amended complaint to Plaintiff's Civil RICO claim (Count V). Therefore, Defendant's Motion to Strike Plaintiff's Amended Complaint is denied.

In light of the substantial changes in the Amended Complaint, as described in Defendant's Motion (DE [173]), the Court will stay the revised summary judgment deadline of January 26, 2024, (DE [172]). Plaintiff is permitted to file a substantive response to Defendant's Motion (DE [173]) in accordance with Local Rule 7.1(c)(1) on or before January 30, 2024, addressing Defendant's motion to dismiss Count V of the Amended Complaint and Defendant's motion for leave to conduct limited discovery relating to the new cause of action for conversion and the new allegations in the Amended Complaint. Defendant is permitted to file a reply memorandum in support of the motion in accordance with Local Rule 7.1(c)(1).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Motion to Strike Plaintiff's Amended Complaint is **DENIED.**
2. The revised summary judgment deadline of January 26, 2024, is **STAYED.**
3. Should Plaintiff choose to file a response to Defendant's Motion to Dismiss Count V of the Amended Complaint or Defendant's Motion for Leave to

Conduct Limited Discovery, it is **DIRECTED** to do so on or before January 30, 2024.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of January 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF