IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-61477-CIV-BECERRA/VALLE

DEVIN GRANDIS,

        Plaintiff,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS US LLC,

        Defendant.
_____/

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff, Devin Grandis ("Grandis"), pursuant to subdivision (f) of Rule 12 of the Federal Rules of Civil Procedure, files this Motion to Strike the Affirmative Defenses in the pleading of Defendant, BGIS Global Integrated Solutions US, LLC ("BGIS"), DE 189, which responds to Grandis's Amended Complaint, DE 171. There are two reasons for this motion. First, the defenses are boilerplate that fail to give "fair notice" to Grandis of the basis for any defense; and (2) many of the defenses are legally insufficient.

### INTRODUCTION

This case arises out of a corporate transaction that closed on December 31, 2021 by which BGIS acquired substantially all of the assets of Advanced Power Technologies, LLC ("APT") pursuant to a written Asset Purchase Agreement ("APA"). BGIS promised to pay a purchase price for the assets up to $15,000,000, yet the only cash paid for the assets was the $4,500,000 payment that BGIS made at closing to extinguish the lien of APT's lender. Grandis, the beneficial owner and Founder of APT, received no cash at all for the assets.

As the APA required, BGIS and Grandis entered into a three-year, "no cut" employment agreement (the "Employment Contract") with BGIS. DE 171, ¶ 15 (quoting DE 89-1, p. 50, ¶

8.3(d)). BGIS promised Grandis various benefits in the Employment Contract, including (a) an option to purchase 500 shares in the "ultimate parent entity of BGIS"; (b) annual bonuses; (c) an annual base salary not less than $300,000 from January 1, 2022 to December 31, 2024 (defined as the "Initial Period") on page 2 of the Employment Contract; and (d) a severance package upon termination equal to the entire base salary for the remaining Initial Period due and payable on an accelerated basis in one lump sum, <u>unless</u> BGIS terminated Grandis's employment for "Cause," an exception that was narrowly defined. *See* DE # 171-1, pp. 1-2, 5. After paying only three months of the guaranteed base salary after the closing, BGIS terminated the employment of Grandis on April 7, 2022. DE 171, ¶ 22.

## SUMMARY OF PROCEEDINGS

On July 15, 2022, APT and Grandis commenced this case in state court, DE 1-1, which BGIS removed to this Court. APT asserted claims against BGIS for breach of the APA. DE 1-1, Counts III & IV, pp. 16-18. These claims have been dismissed and referred to arbitration at BGIS's insistence. DE 34. Grandis also asserted claims against BGIS under the Employment Contract for breach of the severance and option benefit. DE 1-1, Counts I & II, pp. 14-16. These two contract-based claims remain for adjudication in this action. DE 171, pp. 8-10, Counts I & II. Also remaining for adjudication in this case is a claim by Grandis again BGIS for conversion of a facsimile stamp of his signature (the "Stamp"). *Id.*, Count V, pp. 10-15. After terminating Grandis's employment, BGIS refused to return his Stamp, misused it over his objection, and issued over 300 checks on bank accounts of APT and two other entities affiliated with Grandis, *i.e.*, Sustainable Management Solutions, LLC and Creative Lighting, LLC. *Id.*

Grandis, not long after his current counsel appeared in this action, filed a motion for partial summary judgment that addressed, *inter alia*, affirmative defenses in BGIS's original responsive

2

pleading. DE 133, pp. 18-21. The Court did not rule on either this motion or BGIS's prior motion for partial summary judgment. DE 118-1. The Court declined to address the motions after BGIS obtained a continuance of the discovery deadline and the trial date so BGIS could comply with an order that compelled BGIS to produce documents. DE 158.

On January 3, 2024, Grandis filed an amended complaint, after which the Court ordered the parties to refile their motions for summary judgment by January 26, 2024. DE 172. This new deadline for Rule 56 motions was stayed once BGIS moved to strike or dismiss the amended complaint. DE 176.[1]

Ultimately, the Court denied BGIS's request to <u>strike</u> Grandis's amended complaint, DE 176, and denied BGIS's motion to <u>dismiss</u> the new conversion claim with respect to Grandis's claim for nominal and punitive damages. DE 184, pp. 5-10. However, the Court sustained BGIS's objection to Grandis's request for actual and consequential damages. *Id.* On May 9, 2024, BGIS filed an answer and affirmative defenses to the Amended Complaint, DE 189, in which BGIS asserts eleven purported affirmative defenses to Grandis's three claims. *Id.*, pp. 10-11. The defenses contain no factual information of any kind, either in the affirmative defenses themselves or in any other part of the pleading. *Id.* Also, the affirmative defenses do not reference any of Grandis's claims. Instead, BGIS confusingly contends the defenses apply to "Plaintiff's claims" or to "Plaintiff's claims in whole or in part." *Id.* To further complicate matters, an introductory paragraph to the defenses suggests that the conclusory issues may not even be affirmative defenses

---

[1] The factual basis for the conversion claim in the amended complaint was originally asserted by Grandis as a claim for relief under Florida's Civil Remedies for Criminal Practices Act ("FCRCPA"). § 772.104. DE 1-1, Count V, p. 19. On December 20, 2023, the Court granted BGIS's 12(c) motion on this claim, yet permitted Grandis leave to amend the original complaint, DE 167, p. 7, as this pleading had been prepared by prior counsel whom the undersigned did not replace until August 10, 2023. DE 72.

3

but rather simply "defenses" on which Grandis "may" have the burden of proof. In short, BGIS's vague and ambiguous affirmative defenses, pled in a "shotgun" manner, are legally insufficient and, if permitted, will deprive Grandis of "fair notice" of the issues preserved for trial.

### MEMORANDUM OF LAW

**Fed. R. Civ. P. 12(f).** "The Court may strike from a pleading an insufficient defense or any redundant . . . [or] immaterial . . . matter." Fed. R. Civ. P. 12(f). While motions to strike are not favored, courts have "broad discretion" to grant this relief, *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F.Supp.3d 1187, 1191 (S.D. Fla. 2019) (citing *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005)), either *sua sponte* or on motion of a party before responding to a pleading or, if a response is not required, a motion filed 21 days after the pleading is served. Fed. R. Civ. P. 12(f)(1)-(2). The instant pleading was filed on May 9, 2024.

**Legally Insufficient Defenses.** District courts in this Circuit agree that pleadings, including, without limitation, affirmative defenses raising issues that are "legally insufficient," should be stricken. An issue is legally insufficient if it is "clearly invalid" or "frivolous" on the face of the pleadings. *Forsythe v. Starboard Yacht Group, LLC*, 345 F.R.D. 544 (S.D. Fla. 2023); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002); Fed. R. Civ. P. 12(f); *see also Bynum v. Carnival Corp.*, 23-cv-23760-Altman/Becerra, 2024 WL 229545, at *1 (S.D. Fla. Jan. 22, 2024) (defense has "no possible relation to the controversy") (quoting *FAST SRL, Direct Connection Travel, LLC*, 330 F.R.D. 315, 318 (S.D. Fla. 2018)).

**Vague or Ambiguous Defenses.** There is disagreement among judges in this Circuit as to whether the heightened pleading standard under *Twombly/Iqbal* applies to defensive ones that raise vague and ambiguous affirmative defenses. Some judges believe that the *Twombly/Iqbal* standard

4

should apply to all pleadings. *See, e.g., Gomez v. Bird Automotive, LLC*, 411 F.Supp.3d 1332, 1336-38 (S.D. Fla. 2019) (Torres, M.J.); *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 650 (S.D. Fla. 2015) (King, J.); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (Jones, M.J.). Other judges believe otherwise. *See e.g., Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d at 1192-93 (Bloom, J.); *FAST SRL, Direct Connection Travel, LLC*, 330 F.R.D. 315, 318 (S.D. Fla. 2018) (Rodriguez, J.); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680-81 (S.D. Fla. 2015) (Moore, J.).

Regardless of this long-debated issue, the common denominator in nearly all decisions is that vaguely pled or ambiguous defenses failing to give "fair notice" of the defense should be stricken with leave to amend. Several rules are applied to determine if "fair notice" has been given, including (1) whether the defense is directed to a particular claim, *e.g., Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1290 (S.D. Fla. 2022) ("a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint") (quoting *Morrison*, 434 F. Supp. 2d at 1318; (2) whether the defense contains any facts "to show how and why the defense . . . applies to [the] case," *e.g., Delgado*, 640 F. Supp. 3d at 1291 (quoting *Losada v. Norwegian (Bah.) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013)); *see also Gomez*, 411 F. Supp. 3d at 1338 ("The lack of factual support runs rampant as many of the defenses are merely one sentence long"); and (3) whether separate defenses are grouped together. *E.g., Dioniso*, 391 F. Supp. 3d at 1193.

As Grandis filed this case in July 2022, BGIS has had more than enough time to investigate, discover, and research information regarding its affirmative defenses. As pled, BGIS's defenses, DE 189, pp. 10-11, fall short of the easily satisfied standard and is no more than a recital of some of the defenses listed in Fed. R. Civ. P. 8(c) itself.

***Application of 12(f) to BGIS's Eleven Defenses.*** BGIS's <u>first affirmative defense</u> is the following sentence: "The Complaint fails to state a claim, in whole or in part, upon which relief may be granted." For many years, this sentence, has not been considered an affirmative defense in this district, *see e.g., Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense"), even when factual information accompanies it. *See Gomez*, 411 F. Supp. 3d at 1338. Here, BGIS's first affirmative defense merely quotes 12(b)(6) and provides no factual or legal information. Grandis requests that this so-called defense be stricken.

BGIS's <u>second</u> affirmative defense reads as follows: "Plaintiff's claims are barred or limited by Plaintiff's failure to mitigate damages." This one-sentence defense simply references a legal concept.[2] But this defense fails to identify any facts or the claim(s) to which it pertains. Thus, it is a shotgun, boilerplate defense. *See Delgado*, 640 F. Supp. 3d at 1292 (holding that this very language "fails to provide any information regarding how it applies to the facts in this case and, instead, does appear to be pled in a shotgun manner"). Discovery in this case has nearly been completed. If the defense of "avoidable consequences" is somehow applicable to any of Grandis's claims, then BGIS must give him notice of how and to which claim and why it applies. *Id.* For

---

[2] Under Florida law, the doctrine of avoidable consequences (sometimes inaccurately identified as the 'duty to mitigate' damages) commonly applies in contract actions. *Sys. Components Corp. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009) (condemnation case). There is no 'duty to mitigate,' because an injured party is not compelled to undertake any ameliorative efforts. *Id.* The doctrine simply "prevents a party from recovering those damages inflicted by a wrongdoer that the injured party could have reasonably avoided." *Id.* (quoting *Fla. Civ. Prac. Damages* § 2.43, at 2–30 (6th ed. 2005)), followed in *Gulf Bldg. LLC v. Philadelphia Indem. Ins. Co.*, --- F.Supp.3d ---, 22-cv-60573-RAR, WL 5617358, at *40 (S.D. Fla. Aug. 30, 2023).

example, asserting the doctrine of "avoidable consequences" as a defense to Grandis's conversion claim for nominal/punitive damages makes no sense. Thus, Grandis requests that this defense be stricken with leave to amend only with respect to the contract claims in Counts I & II, but not the conversion claim in Count V.

BGIS's third affirmative defense states: "Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches." This one-sentence defense lumps three separate defenses together, which is improper. *See Dioniso*. 391 F. Supp. 3d at 1193. Again, there is no identification of the claim(s) to which any of the defense are asserted, which is improper. *See Delgado,* 640 F. Supp. 3d at 1291. Raising these defenses without any facts is also impermissible. *Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.*, 333 F.R.D. 600, 601-02 (S.D. Fla. 2019) (striking defenses of waiver, estoppel, and laches worded the same way). Further, laches is a legally insufficient defense in this action as it is clearly not applicable to Grandis's legal claims for damages. *See Jeremiah's Int'l Trading Co. v. Calderone*, No: 8:14–cv–584–T–27TGW, 2015 WL 12856081, at *2 (M.D. Fla. May 22, 2015) (defense of laches stricken as defense to claim not arising in equity). Grandis requests that this defense be stricken with leave to amend insofar as the defenses of wavier and estoppel but not with respect to the defense of laches as such is inapplicable.

BGIS's fourth affirmative defense states, "[t]he claims in the Complaint and any alleged damages were caused by the acts, omissions, carelessness, and/or negligence of third persons, for whom BGIS is not legally responsible." Again, the defense is devoid of factual information and fails to identify the claim(s) to which the defense relates, thus, leaving Grandis without "fair notice" about how or why this defense is being asserted. *Delgado*, 640 F. Supp. 3d at 1291. In addition, negligence of a third person is not a legally sufficient defense to a breach of contract claim, *Cf. Goldstein v. Firer*, 1:20-cv-23402-JEM/Becerra, 2022 WL 2479237, at *7 (S.D. Fla.

June 17, 2022) (contract defense improperly asserted against tort claims), nor does the negligence of a third person provide a defense to an intentional tortfeasor; *see Island City Flying Serv. V. Gen. Elec. Credit Corp.*, 585 So. 2d 274, 277-78 (Fla. 1991) (negligence of another relevant to negligence-based claim but not intentional tort claim). Grandis requests that this defense be stricken without leave to amend.

BGIS's fifth affirmative defense states as follows: "The claims in the Complaint and any alleged damages were caused by the acts, omissions, carelessness, and/or negligence of Plaintiff." Again, BGIS utterly fails to give Grandis "fair notice" of its alleged defense. While the reasonableness of a plaintiff's conduct in a breach of contract case may relate to whether the plaintiff reasonably avoided the consequences of a contract breach, *supra* pp. 6-7, BGIS's pleading does not explain how or why Grandis's purported negligence could be relevant otherwise. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1358 (11th Cir. 2018) (applying § 768.81(4), Fla. Stat., comparative negligence "does not apply . . . to any action based upon an intentional tort"); *see also FDIC v. Marine Nat'l Bank of Jacksonville*, 431 F.2d 341, 344-45 (5th Cir. 1970) (applying Fla. law) ("Contributory negligence is not available as a defense in an action sounding in trover and conversion. For contributory negligence to be a defense, the action must be one based on negligence") (citing, *inter alia*, Restatement (Second) Torts § 463 (1965)). Moreover, to the extent the fifth affirmative defense simply duplicates the second affirmative defense, one or the other should be stricken. Fed. R. Civ. P. 12(f) (permitting the striking from a pleading of "any redundant . . . matter"). Grandis requests that this defense be stricken without leave to amend as the reasonableness of his conduct relates only to whether he reasonably avoided damages for the breach of contract, which is covered by BGIS's second defense, assuming BGIS amends this

8

defense. Whether or not Grandis was otherwise negligent has nothing to do with whether BGIS is liable for the conversion claim.

BGIS's <u>sixth</u> affirmative defense states as follows: "Plaintiff's injuries and damages, if any, were caused in whole or in part by intervening and/or superseding acts or omissions of third parties, thereby barring or diminishing any recovery." This is vague "boilerplate" language that yet again fails to give "fair notice." It is devoid of facts and fails to identify the claim(s) to which the alleged defense is applicable. Again, it appears to be based upon a negligence rule that is inapplicable on its face to claims for breach of contract and an intentional tort. *See supra*, p. 8. Grandis requests that this defense be stricken without leave to amend.

BGIS's <u>seventh</u> affirmative defense states as follows: "Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands." District courts often consider this sentence alone as wholly insufficient to give "fair notice" of the defense of unclean hands, *e.g., Progressive Express Ins.*, 333 F.R.D. at 601-02, particularly when the plaintiff has alleged only legal claims for damages. *See Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-Civ, 2007 WL 2412834, at *4 (S.D. Fla. Aug. 21, 2007) ("since the claims raised here are legal in nature, it is difficult to see how an "unclean hands" defense would apply, at least without some factual statement. These defenses must also be stricken."). Grandis requests that this defense be stricken without leave to amend.

BGIS's <u>eighth</u> affirmative defense states that "Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and/or law of the case." Once again, this is a defense that does not provide "fair notice." *Liv v. Walsh*, No. 9:16-cv-81871-KAM, 2019 WL 13036113, at *2 (S.D. Fla. Oct. 10, 2019) (striking defense that merely mentioned the words "res judicata, collateral estoppel and prohibition of double recovery"). Here, the substitution of the word "law of the case"

for "double recovery" is inconsequential because the doctrine of "law of the case" has no bearing here. *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1299 (11th Cir. 2018) (law of the case means that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."). No other proceedings, let alone a decision having some potentially preclusive effect, is referred to anywhere in BGIS's pleading. That BGIS may plan to assert a final decision or a ruling made on interlocutory appeal in the future is not a valid defense at this time. *See GPM Indus., Inc. v. USCIS*, No. 21-cv-24007, 2022 WL 4181544, at *2 (S.D. Fla. Sept. 13, 2022) (striking "language . . . indicat[ing] that Defendants plan to assert the defense[ ] of . . . res judicata . . . should Defendants become aware of facts that would support them" as such language is "meaningless and has no legal effect"). Grandis requests that this entire defense be stricken without leave to amend, unless or until there exists a final ruling or an interlocutory appellate ruling that has a preclusive effect on the claims or issues to be adjudicated in this case.

BGIS's <u>ninth</u> affirmative defense states "Plaintiff's claims are barred in whole or in part by the doctrine of set-off." Again, the defense is complete "boilerplate." *See Puck v. Silverman*, No. 1:22-cv-24078-KMM, 2023 WL 9228323, at * 2 (S.D. Fla. Dec. 22, 2023) (holding that a much better pleaded set-off defense, which alleged that defendant "is entitled to damages for an alleged sexual assault and battery at the hands of Plaintiff," was "woefully short of even the liberal requirements of Rule 8.") Here, BGIS provides even less information about its alleged set-off defense than did the defendant in *Puck*. Grandis requests that this defense be stricken with leave to amend.

According to BGIS's <u>tenth</u> affirmative defense, "Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence." Again, the defense is devoid of any factual

information, including, without limitation, the nature or date of discovery of the purported after-acquired evidence. In addition, after-acquired evidence is legally insufficient as an affirmative defense. *Valdez v. Smith & DeShields, Inc.*, No. 08-80209-Civ, 2008 WL 4861547, at *2 (S.D. Fla. Nov. 10, 2008) (so holding). Thus, Grandis requests that this so-called defense be stricken with prejudice.

BGIS's eleventh affirmative defense is not a defense at all, but merely a meaningless "reservation of rights" without any legal effect, stating "BGIS reserves the right to assert additional defenses as they arise in this matter." For many years, judges in this district have stricken this language. *7703 Palomar Street, LLC v. Boca Ven Land of Ft. Pierce, Inc.*, No. 08-14182-Civ-Martinez/Lynch, 2008 WL 11331915 (S.D. Fla. July 24, 2008) (striking defense as "unnecessarily pled"); *Harapeti v. CBS Television Stations, Inc.*, No. 20-CV-20961-Williams/Louis, 2021 WL 1854141, at *6 (S.D. Fla. May 10, 2021) (such language is a "nullity"). Even when judges do not strike this language, it is regarded as "meaningless." *See, e.g.*, *MSP Recovery Claims Series 44, LLC v. State Farm Mut. Ins. Co.*, No. 22-cv-24131-Bloom/Otazo-Reyes, 2023 WL 5176380, at *3 (S.D. Fla. Aug. 10, 2023). Grandis requests that this so-called defense be stricken.

## CONCLUSION

In conclusion, Grandis requests that the Court: (1) strike the so-called first defense that merely quotes Rule 12(b)(6), which is not an affirmative defense; (2) strike the second defense of "failure to mitigate," granting leave to amend this defense with respect to Counts I and II but not Count V; (3) strike the third defense of "waiver, estoppel, and/or laches," with leave to amend the defense of waiver and estoppel, but not the defense of laches, which is inapplicable to Grandis's legal claims for damages; (4) strike with prejudice the fourth defense based upon the negligence of others; (5) strike with prejudice the fifth defense based upon the alleged comparative negligence

of Grandis because the reasonableness of his conduct is irrelevant except as it relates to whether Grandis could have avoided the damages caused by BGIS's breaches of the Employment Contract; (6) strike with prejudice the sixth defense based upon the acts of third persons; (7) strike with prejudice the seventh defense of unclean hands; (8) strike the eighth defense of "res judicata, collateral estoppel, and/or law of the case" without leave to amend until there exists a final decision or an interlocutory appellate ruling that could preclude claims or issues in this case; (9) strike the ninth defense of "set-off" with leave to amend; (10) strike the tenth so-called defense, which is not an affirmative defense; and (11) strike the eleventh so-called defense, which is not an affirmative defense.

        Respectfully submitted,

        BENNETT AIELLO KREINES

        3471 Main Highway, Suite 206
        Coconut Grove, Florida 33133-5929
        Phone: (305) 358-9011
        Facsimile: (305) 358-9012

        By:   */s/ Paul Aiello*
            Michael P. Bennett, FBN 775304
            mbennett@bennettaiello.com
            Paul Aiello, FBN 909033
            paiello@bennettaiello.com
            Jeremy R. Kreines, FBN 101119
            jkreines@bennettaiello.com

## CERTIFICATE OF CONFERENCE

       I hereby certify that, pursuant to S.D. Fla. L.R. 7.1, counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. More specifically, a copy of this motion was transmitted to Michael Pascoe and Robert Port, counsel for defendant, BGIS Global Integrated Solutions US, LLC, on May 13, 2024. A telephone conference was held with Mr. Pascoe on May 15, 2024, and electronic mail messages were exchanged with him after the phone conference all to the effect that a satisfactory resolution was not possible with respect to the relief sought in this motion.

                                      /s/ *Paul Aiello*
                                      Paul Aiello

## CERTIFICATE OF SERVICE

       I hereby certify that on the 16th day of May, 2024, a true and correct copy of the original of this document was submitted through CM/ECF for filing and service upon the attorneys of record in this action.

                                      /s/ *Paul Aiello*
                                      Paul Aiello