IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **DEVIN GRANDIS** | )<br>) |
| **Plaintiff**, | ) CASE NO. 22-CV-61477-JB<br>) |
| v. | ) JUDGE JACQUELINE BECERRA<br>) |
| **BGIS GLOBAL INTEGRATED SOLUTIONS US LLC** | )<br>) **AMENDED ANSWER OF DEFENDANT**<br>) **BGIS GLOBAL INTEGRATED** |
| **Defendants.** | ) **SOLUTIONS US LLC TO PLAINTIFF'S**<br>) **AMENDED COMPLAINT**<br>) |

Defendant BGIS Global Integrated Solutions US LLC ("BGIS") for its Amended Answer to plaintiff Devin Grandis's Amended Complaint [DE 171] states as follows:

**PREFATORY STATEMENT**

On November 30, 2022, the Court granted BGIS's Motion to Dismiss Counts III and IV—the only claims asserted by former plaintiff Advanced Power Technologies, LLC ("APT")—and Compel Arbitration of those claims. [*See* DE 34.] On December 16, 2022, the Court granted former defendant BIFM Jersey Topco Limited's ("BIFM") Motion to Dismiss, including Count VI (Counts III, IV, and VI, collectively the "Dismissed Claims"). BIFM and APT are no longer parties to this lawsuit (APT and BIFM, collectively, the "Dismissed Parties"). [*See* DE 37.] Many allegations in the Complaint relating to the Dismissed Parties and Dismissed Claims are now moot. Therefore, where relevant, BGIS will deny any such allegations as moot.

Additionally, in ruling on BGIS's Motion to Strike Plaintiff Devin Grandis's Amended Complaint and Motion to Dismiss for Failure to State a Claim or in the Alternative to Allow Additional Discovery (the "Motion") [DE 173], the Court found *inter alia* that Grandis "can only

recover damages resulting from BGIS's interference with Plaintiff's possessory interest in the Stamp under the Florida law of conversion, not BGIS's alleged misuse of the Stamp." [DE 184 at pp. 7-8.] The Court, therefore, granted the Motion in part, dismissing Count V ("Conversion of the Facsimile Stamp of Grandis's Signature") "with prejudice to the extent it seeks actual and consequential damages," including any damages related to BGIS's alleged use of the Stamp. [*Id.* at p. 14.] Therefore, where relevant, BGIS will deny any such allegations regarding the use of the Stamp as moot.

## INTRODUCTION

To the extent that the Court may construe the Introduction section of the Amended Complaint [DE 171 at pp. 1-2] to contain allegations, BGIS denies all such allegations in the Introduction.

## JURISDICTION, PARTIES, AND VENUE

1. BGIS admits the allegation in paragraph 1 of the Amended Complaint.[1]

2. BGIS admits the allegation in paragraph 2 only for the purpose of acknowledging that diversity jurisdiction exists. BGIS denies any portion of paragraph 2 not expressly admitted.

3. BGIS admits the allegation in paragraph 3 only for the purpose of acknowledging that diversity jurisdiction exists. BGIS denies any portion of paragraph 2 not expressly admitted.

4. BGIS admits this Court has jurisdiction in this action. BGIS denies any portion of the allegations in paragraph 4 not expressly admitted.

5. BGIS denies the allegation in paragraph 5.

## GENERAL ALLEGATIONS

6. BGIS denies the allegation in Paragraph 6 for lack of knowledge.

---

[1] Unless otherwise specified, all paragraph references refer to the paragraph in the Amended Complaint.

7. BGIS admits that it is a provider of facility management, technical services and project delivery, energy and sustainability, asset management, and real estate services. BGIS admits that it sought to acquire the assets of APT. BGIS denies the remaining allegations in Paragraph 7.

8. BGIS admits that in December 2021, it acquired substantially all of APT's assets. BGIS denies the remaining allegations in Paragraph 8.

9. BGIS admits the allegation in Paragraph 9. Regarding footnote 2 of the Amended Complaint, BGIS admits that Grandis's claims do not arise out of the Asset Purchase Agreement ("APA") and, as stated in the Prefatory Statement, all such allegations are moot. BGIS denies the remaining allegations contained in footnote number 2 in the Amended Complaint.

10. BGIS admits that it agreed to purchase substantially all of APT's assets for a purchase price at a maximum of $15 million, which was comprised of several parts, including a base purchase price of $4.5 million and two contingent earnout payments based on EBITDA for the years 2022 and 2023. BGIS further admits that the maximum amount of each earnout payment was $5.25 million. BGIS denies the remaining allegations in Paragraph 10 both as alleged and as moot. Furthermore, BGIS denies the allegations contained in footnote number 3.

11. BGIS denies the allegations in Paragraph 11 as moot. Notwithstanding the mootness of these allegations, BGIS admits that, pursuant to the terms of the APA, it paid $4.5 million to an account as explicitly specified by Grandis, at Grandis's sole discretion. BGIS denies the remaining allegations in Paragraph 11 as alleged.

12. BGIS denies the allegations in Paragraph 12 as moot. Notwithstanding the mootness of these allegations, BGIS admits that, on the Closing Date, it acquired substantially all of APT's assets. BGIS denies the remaining allegations in Paragraph 12 as alleged. Regarding footnote number 4, BGIS admits that, as part of the APA, Grandis agreed for certain of his affiliates to enter

into an exclusive business relationship with BGIS, including Creative Lighting, LLC and Team E-Motion, LLC. BGIS denies the remaining allegations in footnote number 4.

13. BGIS denies the allegations in Paragraph 13 as moot. Notwithstanding the mootness of these allegations, BGIS admits that, based on EBITDA, APT—as the Seller—is not entitled to any earnout payments and, therefore to date, APT has not received any earnout payments. BGIS denies that plaintiff Grandis is entitled to any earnout payments under the express terms of the APA. BGIS denies the remaining allegations in Paragraph 13 both as alleged.

14. BGIS denies the allegations in Paragraph 14 as moot. Notwithstanding the mootness of these allegations, BGIS admits that, based on the working capital calculations, APT (now known as ASE) owes BGIS approximately $717,778. BGIS denies the remaining allegations in Paragraph 14 as alleged.

15. BGIS admits that BGIS and Grandis entered into an employment agreement ("Employment Contract") with a base salary of $300,000 per year and the potential to earn an annual bonus. BGIS further admits that, under the Employment Contract, Grandis would be entitled to certain severance payments if BGIS terminated his employment without cause. BGIS denies the remaining allegations in Paragraph 15.

16. BGIS admits that the Employment Contract was executed by BGIS and Grandis on or about December 21, 2021 and December 24, 2021, respectively. BGIS denies the remaining allegations in Paragraph 16.

17. BGIS denies the allegations in Paragraph 17.

18. BGIS admits the allegations in Paragraph 18. Further answering, BGIS denies that the allegations in Paragraph 18 accurately describe the full contents of the March 7, 2022, Warning Letter and, therefore, refers to the document for its contents.

19. BGIS admits that Grandis received the instructions for the online training on March 23, 2022. BGIS denies the remaining allegations in Paragraph 19.

20. BGIS admits that Nikki Sakoff ("Sakoff") sent an email to BGIS's CEO on March 29, 2022, regarding Grandis's inappropriate conduct at a trade show in Nashville and that Grandis was suspended on March 30, 2022. BGIS denies the remaining allegations in Paragraph 20.

21. BGIS admits that it conducted a thorough investigation of the events that occurred during the trade show in Nashville regarding Grandis's conduct. BGIS denies the remaining allegations in paragraph 21.

22. BGIS admits that it sent Grandis a termination letter on April 7, 2022. Further answering, BGIS denies that the allegations in Paragraph 22 accurately describe the full contents of the April 7, 2022 termination letter and, therefore, BGIS refers to the document for its contents. BGIS denies the remaining allegations in paragraph 22.

23. BGIS admits that the Employment Contract defines the term "Cause" and, therefore, refers to the Employment Contract for its contents. BGIS denies the remaining allegations in paragraph 23.

24. BGIS denies the allegations in paragraph 24.

25. BGIS denies the allegations in Paragraph 25 for lack of knowledge.

## COUNT I: BREACH OF THE EMPLOYMENT CONTRACT

26. BGIS incorporates its Answers to Paragraphs 1 to 25 as if set forth fully herein.

27. BGIS admits that it entered into the Employment Contract, which included a starting base salary of $300,000 per year. BGIS denies the remaining allegations in Paragraph 27.

28. BGIS admits that it did not provide a Severance Benefit to Grandis within thirty days of termination because he was not entitled to it. BGIS denies the remaining allegations in Paragraph 28.

29. BGIS denies the allegations in Paragraph 29.

30. BGIS denies the allegations in Paragraph 30.

WHEREFORE, BGIS requests that the Court dismiss Count I and award BGIS all relief that this Court may deem just and proper.

### COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING UNDER THE EMPLOYMENT CONTRACT

31. BGIS incorporates its Answers to Paragraphs 1 to 30 as if set forth fully herein.

32. This Paragraph consists of Plaintiff's characterization of the effect of various legal principles to which no response is required. To the extent that the Court deems a response is required, BGIS denies the allegations in Paragraph 32.

33. BGIS denies the allegations in Paragraph 33.

34. BGIS denies the allegations in Paragraph 34.

35. BGIS denies the allegations in Paragraph 35.

36. BGIS admits that the Employment Contract provides that BGIS may terminate Grandis for "Cause," as defined in the Employment. BGIS denies that the allegations in Paragraph 36 accurately describe the full contents of the Employment Contract regarding the permissible grounds upon which BGIS can terminate Grandis's employment and, therefore, refers to the Employment Contract for its contents. BGIS denies the remaining allegations in Paragraph 36.

37. BGIS denies the allegations in Paragraph 37.

38. BGIS denies the allegations in Paragraph 38.

WHEREFORE, BGIS requests that the Court dismiss Count II and award BGIS all relief that this Court may deem just and proper.

### COUNT III: BREACH OF THE ASSET PURCHASE AGREEMENT

(BGIS admits that the Court dismissed Count III and referred it to arbitration. [*See* DE No. 34 (11/30/22 Order).] BGIS denies that the dismissal was without prejudice as the Court expressly dismissed Count III "**WITH PREJUDICE**." [*Id.* (emphasis in original).]

**COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING REGARDING THE [ASSET PURCHASE] AGREEMENT**

(BGIS admits that the Court dismissed Count IV and referred it to arbitration. [*See* DE No. 34 (11/30/22 Order).] BGIS denies that the dismissal was without prejudice as the Court expressly dismissed Count III "**WITH PREJUDICE**." [*Id.* (emphasis in original).]

**COUNT V: CONVERSION OF FACSIMILE STAMP OF GRANDIS'S SIGNATURE**

39. BGIS incorporates its Answers to Paragraphs 1 to 38 as if set forth fully herein. Answering further, BGIS denies the allegations contained in Footnote Number 5.

40. BGIS denies the allegations in Paragraph 40 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that it used the Stamp after BGIS terminated Grandis's employment and denies the remaining allegations in Paragraph 40 as alleged.

41. BGIS denies the allegations in Paragraph 41 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 41 for lack of knowledge.

42. BGIS denies the allegations in Paragraph 42 for lack of knowledge.

43. BGIS denies the allegations in Paragraph 43.

44. BGIS denies the allegations in Paragraph 44 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that it used the Stamp after BGIS terminated Grandis's employment and denies the remaining allegations in Paragraph 44 as alleged.

45. BGIS denies the allegations in Paragraph 45 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 45 as alleged.

46. BGIS denies the allegations in Paragraph 46 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that it used the Stamp after BGIS terminated Grandis's employment and denies the remaining allegations in Paragraph 46 as alleged.

        a. BGIS denies the allegations in Paragraph 46(a) as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that it used the Stamp after BGIS terminated Grandis's employment and refers to the documents in Exhibit B to the Amended Complaint for its contents. BGIS denies the remaining allegations in Paragraph 46(a) as alleged.

        b. BGIS denies the allegations in Paragraph 46(b) as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that it used the Stamp after BGIS terminated Grandis's employment and refers to the documents in Exhibit C to the Amended Complaint for its contents. BGIS denies the remaining allegations in Paragraph 46(b) as alleged.

        c. BGIS denies the allegations in Paragraph 46(c) as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that it used the Stamp after BGIS terminated Grandis's employment and refers to the documents in Exhibit D to the Amended Complaint for its contents. BGIS denies the remaining allegations in Paragraph 46(c) as alleged.

47. BGIS admits that the APA required Advanced Power Technologies to change its name within sixty (60) days of the Closing Date. Answering further, BGIS admits that it could use the name "APT" under the terms of the APA. BGIS denies the remaining allegations in Paragraph 47 for lack of knowledge.

48. BGIS admits that Grandis changed the name of Advance Power Technologies, LLC as required under the APA. BGIS denies the remaining allegations in Paragraph 48.

49. BGIS denies the allegations in Paragraph 49 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 49 as alleged for lack of knowledge.

50. BGIS denies the allegations in Paragraph 50 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 50 as alleged.

51. BGIS denies the allegations in Paragraph 51 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 51 as alleged.

52. BGIS denies the allegations in Paragraph 52 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that a car driven by an employee of BGIS was involved in an accident in Virginia on or about June 28, 2022, and that SMS was sued. BGIS admits that on or about March 9, 2023, it transferred title to certain vehicles in its own name. BGIS denies the remaining allegations in Paragraph 52 as alleged.

53. BGIS denies the allegations in Paragraph 53 as moot. Answering further, notwithstanding the mootness of these allegations, BGIS admits that First Horizon Bank rejected a check for $4,498.20 due to insufficient funds on August 26, 2022. BGIS denies the remaining allegations in Paragraph 53 as alleged.

54. BGIS admits that it returned the Stamp to Grandis in or about August 2022. BGIS denies the remaining allegations in Paragraph 54 as alleged.

55. This Paragraph consists of Plaintiff's characterization a legal principle regarding his alleged right to immediate possession of the stamp to which no response is required. Answering further, BGIS denies the allegations in Paragraph 55 as moot to the extent the allegations relate the BGIS's alleged use of the Stamp. BGIS denies the remaining allegations in Paragraph 55 as alleged.

56. BGIS denies the allegations in Paragraph 56 as moot. Answering further, notwithstanding the mootness of these allegations, this Paragraph consists of Plaintiff's characterization a legal principle regarding the legal definition of fraud and forgery for which no response is required. Answering further, BGIS denies the allegations in Paragraph 56 of the Complaint as alleged.

57. BGIS denies the allegations in Paragraph 57 regarding BGIS's alleged use of the Stamp and actual and consequential damages as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 57 as alleged.

58. BGIS denies the allegations in Paragraph 58 to the extent they relate to BGIS's alleged use of the Stamp and actual and consequential damages as moot. Answering further, notwithstanding the mootness of these allegations, BGIS denies the allegations in Paragraph 58 as alleged.

## PRAYER FOR RELIEF AND JURY DEMAND

BGIS denies the allegations contained in Grandis's multiple unnumbered prayers for relief and denies that Grandis is entitled to any relief requested. BGIS acknowledges that Grandis has requested a jury trial. BGIS also requests a jury trial.

BGIS denies each and every allegation contained in the Complaint not specifically admitted herein, regardless of whether that allegation is contained in the unnumbered paragraphs, headings, or elsewhere.

## AFFIRMATIVE AND OTHER DEFENSES

BGIS does not assume the burden of proof on any of the following defenses where the substantive law provides otherwise.

1. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted regarding Count V.

    a. As briefed in BGIS's Motion to Dismiss, [DE 173 and 175], and as acknowledged in the Court's Order granting that Motion in part, [DE 184], a portion of Grandis's Complaint fails to state a claim upon which relief may be granted.

2. Count V is barred, in whole or in part, by waiver, estoppel, and/or laches.

    a. Grandis consented to BGIS's use of the signature stamp and never complained about its use to BGIS; therefore Grandis has waived his right to complain regarding failure to return the stamp.

    b. Furthermore, Grandis never requested to any manager, officer, or executive at BGIS that BGIS return the stamp therefore he is estopped from asserting a conversion cause of action.

    c. Grandis had knowledge that BGIS had possession of the Stamp, including on the day BGIS terminated his employment on April 4, 2022.

    d. Grandis filed this lawsuit on July 15, 2022, but asserted no claims or allegations of conversion. Grandis, therefore, failed to assert his rights for conversion even though he had the relevant knowledge of BGIS's possession of the Stamp. As there was no claim for conversion, BGIS had no knowledge that Grandis would assert such a claim.

    e. Grandis waited nearly two years—after the close of all discovery and on the proverbial eve of the trial date—to file an amended complaint wherein he asserted allegations and a claim for conversion.

    f. At the time Grandis filed his Amended Complaint, the deadline for discovery had long passed.

    g. BGIS has been prejudiced by Grandis's unnecessary and protracted delay in asserting a conversion claim.

    h. Count V is therefore barred by the doctrine of laches.

   3. The claims in the Complaint and any alleged damages were caused by the acts, omissions, carelessness, and/or negligence of third persons, for whom BGIS is not legally responsible.

   a. Grandis contends that he communicated his desire for return of the signature stamp to BGIS, but he did not.

   b. Grandis alleges that he communicated the request to Annie Lasaga, but Ms. Lasaga never communicated that request to BGIS.

   c. BGIS is not legally responsible for Ms. Lasaga's failure to make that communication.

  4. The claims in the Complaint and any alleged damages were caused by the acts, omissions, carelessness, and/or negligence of Plaintiff.

   a. Grandis failed to properly communicate to BGIS that he was requesting the return of the signature stamp.

   b. It was his omission, carelessness, and/or negligence that delayed the return of the stamp.

  5. Plaintiff's injuries and damages, if any, were caused in whole or in part by intervening and/or superseding acts or omissions of third parties, thereby barring or diminishing any recovery.

   a. Grandis contends that he communicated his desire for return of the signature stamp to BGIS, but he did not, nor did he identify any BGIS officer or executive to whom he allegedly made that communication.

   b. Grandis alleges that he informed Annie Lasaga that the Stamp was to be returned, but Ms. Lasaga never communicated that request to BGIS. BGIS is not legally responsible for Ms. Lasaga's failure to make that communication.

  6. Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and/or law of the case.

      a. The Amended Complaint references previously dismissed causes of action and alleges facts related solely to those dismissed causes of action. To the extent that any of Grandis's claims are based on allegations related solely to dismissed causes of action, those claims are barred by res judicata, collateral estoppel, and/or law of the case.

    7.    Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence to the extent that BGIS's investigation in this litigation uncovers additional grounds for Grandis's termination for cause.

Respectfully Submitted,

HAHN LOESER & PARKS LLP
5811 Pelican Bay Boulevard, Suite 650
Naples, Florida 34108
Phone: (239) 254-2900
Fax: (239) 254-2947

200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824

By:   */s/ Allison B. Christensen*
      Allison B. Christensen, ESQ.
      Florida Bar No. 103515

By:   */s/ Michael B. Pascoe*
      MICHAEL B. PASCOE, ESQ.
      Ohio Bar No. *80899 (pro hac vice admission)*
      ROBERT B. PORT, ESQ.
      Ohio Bar No. 78329 (*pro hac vice admission*)
      achristensen@hahnlaw.com
      mpascoe@hahnlaw.com
      rport@hahnlaw.com

      *Attorneys for Defendant BGIS Global Integrated Solutions US, LLC*

14

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on May 29, 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

      By: */s/ Allison Christenson*
      ALLISON CHRISTENSON, ESQ.