IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-61477-CIV-BECERRA/VALLE

DEVIN GRANDIS,

    Plaintiff,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS US LLC,

    Defendant.
_____/

## JOINT STIPULATION REGARDING NET WORTH DOCUMENT(S)

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure, the parties in the above-captioned case (the "Litigation") have stipulated and agreed, subject to the approval and order of this Court, that the following Joint Stipulation Regarding Net Worth Documents ("Stipulation") shall govern the handling of certain financial information produced during discovery, however produced, disclosed, or made available. Plaintiff, Devin Grandis ("Grandis") and Defendant, BGIS Global Integrated Solutions US LLC ("BGIS"), jointly stipulate as follows:

1. **Scope**: This Stipulation shall govern the handling of documents, deposition testimony, deposition exhibits, interrogatory responses, responses to requests for production of documents, admissions, and any other information produced by BGIS in response to Plaintiff's Written Discovery Requests Related to Punitive Damages regarding BGIS's net worth ("Net Worth Material").

2. **Definitions**

    (a) "Party" means a named party in the Litigation (and with other Parties, the "Parties"), including any Party's officers, directors, employees, consultants, retained experts, and

1

outside counsel (and their support staff), including parties that may be added to the Litigation after the date of the entry of a Court order adopting this Stipulation.

(b)     "Confidential Material" means Net Worth Material designated as CONFIDENTIAL.

3. **Confidential Information**

(a)     Basis for Designation of Information as CONFIDENTIAL.  BGIS may designate Net Worth Material as CONFIDENTIAL based upon a good faith belief that the information constitutes or contains information that is CONFIDENTIAL.

(b)     Documents and Non-Written Material.  Documents and responses to written discovery requests and non-written material (such as computer drives and discs) relating to Net Worth Material shall be designated as CONFIDENTIAL by stamping or labeling them with the word "CONFIDENTIAL" in a manner that will not interfere with the legibility of the document or response.

(c)     Deposition Testimony.

(i)     Deposition testimony or other pre-trial testimony (including exhibits) regarding Net Worth Material may be designated as CONFIDENTIAL at the deposition (1) by a statement to such effect on the record during the deposition that designates the specific testimony and documents that constitute Confidential Material, or (2) by written notice served on counsel of record in the Litigation provided not less than thirty days after receiving a copy of the deposition by identifying by page and line number and exhibit number the testimony and documents that constitute Confidential Net Worth Material.

(ii)     For any deposition transcript in which any portion of the testimony has been designated as CONFIDENTIAL because it relates to Confidential Net Worth Material, the court

reporter shall imprint the word "CONFIDENTIAL" on each page of the original deposition transcript so designated and shall seal those pages of the original transcript in a separate envelope from those pages of the original transcript which have not been so designated. All portions of deposition transcripts not designated as CONFIDENTIAL shall be deemed not confidential.

    (iii) The failure to designate any document, information, or testimony relating to any Net Worth Material as CONFIDENTIAL shall not waive any claim of confidentiality. BGIS may, at any time prior to the start of trial, designate any Net Worth Material—in whole or in part—as CONFIDENTIAL by providing to all Parties both written notice and an additional copy of the Net Worth Material marked with the appropriate CONFIDENTIAL designation.

4. **Use of Confidential Information**

  (a) Any person having access to Confidential Net Worth Material shall use it only for the purposes of this Litigation (including appeals); shall not disclose it to anyone other than those persons designated herein; and shall handle it in the manner set herein.

  (b) Confidential Material shall be viewed by, or otherwise disclosed to, only counsel of record for the Parties, and, for BGIS, in-house counsel, and witnesses, including any expert witness on the issue of net worth, who are asked questions about the Confidential Net Worth Material or BGIS's net worth, either in depositions or at trial. Plaintiff may be present at any deposition in which Confidential Net Worth Material may be disclosed but may not receive a copy of any Confidential Net Worth Material. Prior to receipt and review of any Confidential Material by an expert witness, Plaintiff's counsel shall provide a copy of this Joint Stipulation and order approving same to the expert witness, who shall agree in writing to be bound by the terms of this Joint Stipulation approved by the Court.

(c) If any of the Parties files with the Court any Confidential Net Worth Material or any documents containing information derived from any Confidential Net Worth Material, the Party shall file such material or documents pursuant to Rule 5.4 of the Local Rules of the Southern District of Florida.

(d) If Plaintiff offers into evidence Confidential Net Worth Material previously marked "CONFIDENTIAL" at trial, such documents shall continue to be marked as "CONFIDENTIAL," and in the event of an appeal, any Party seeking to make such documents part of the record on appeal shall comply with Federal Rule of Appellate Procedure 25 and Rules 25-3(h) and 25-5 of the Eleventh Circuit Court of Appeals.

5. **Challenging a Designation**

Plaintiff may challenge the designation of any Confidential Net Worth Material as CONFIDENTIAL, in good faith, and must confer directly with counsel for BGIS before making any motion to the Court. In conferring, Plaintiff will provide a reasonable basis for its belief that the confidentiality designation was not proper and must give BGIS an opportunity to review the designated material, to reconsider the circumstances, or to explain the basis for the chosen designation. Plaintiff may proceed to the next stage by filing a motion to exclude the designated information from this Stipulation only if Plaintiff has engaged in this meet-and-confer process first. BGIS shall have the burden of persuasion in any such challenge proceeding. Plaintiff waives its right to challenge confidentiality designation by electing not to mount a challenge prior to date set for trial. Notwithstanding the aforementioned, in the event that BGIS designates any Net Worth Material as CONFIDENTIAL within ten (10) days of the date set for trial, Plaintiff expressly maintains the right to challenge that designation at any time prior to the end of trial. Regardless of whether Plaintiff challenges the designation of Confidential Net Worth Material as

CONFIDENTIAL at trial, Plaintiff may nonetheless use the Confidential Net Worth Material at trial, as permitted by the Court, provided that Plaintiff must comply with 4(c) and 4(d) above.

6. **Continued Application**

The provisions of this Stipulation shall, absent written permission of BGIS or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including any appeals therefrom.

7. **Conclusion of Action**

Unless earlier ordered by the Court, all Confidential Material, including any copies thereof and summaries or descriptions thereof contained in other documents, shall be returned to counsel for BGIS or destroyed by Plaintiff no later than 60 days after the conclusion of this Action by settlement, judgment without appeal, or issuance of a mandate by an appellate court. If Plaintiff elects to destroy, rather than return, Confidential Material, Plaintiff must provide written confirmation of such destruction to BGS.

8. **Court Testimony**

The Parties agree to cooperate in preserving the status of Confidential Material, through use in any court proceeding in the Litigation or any appeal therefrom. Any dispute over the use of Confidential Material at trial shall be adjudicated by the Court.

9. **Disclosure of CONFIDENTIAL INFORMATION in Other Actions**

In the event that a person (the "recipient") subject to this Stipulation receives a subpoena related to another action that seeks the production of the Confidential Net Worth Material provided pursuant to this Stipulation, the recipient shall, within not more than five (5) calendar days, provide notice to BGIS of such subpoena. To the extent permitted by law, the recipient shall not produce the Confidential Information at issue for at least fifteen (15) days from the date the recipient

receives the subpoena and shall cooperate fully, at the expense of BGIS, with any effort by BGIS to contest the subpoena.

WHEREFORE, the parties request the Court to enter the attached order that approves this stipulation.

Respectfully Submitted,

BENNETT AIELLO KREINES
3471 Main Highway, Suite 206
Coconut Grove, Florida 33133-5929
Phone: (305) 358-9011
Facsimile: (305) 358-9012

By: */s/ Paul Aiello*
Michael P. Bennett, FBN 775304
mbennett@bennettaiello.com
Paul Aiello, FBN 909033
paiello@bennettaiello.com
Jeremy R. Kreines, FBN 101119
jkreines@bennettaiello.com

*Attorneys for Plaintiff Devin Grandis*

HAHN LOESER & PARKS LLP
5811 Pelican Bay Boulevard, Suite 650
Naples, Florida 34108
Phone: (239) 254-2900
Facsimile: (239) 254-2947

200 Public Square, Suite 2800
Cleveland, Ohio 44144
Phone: (216) 621-0150
Fax: (216) 241-2824

By: */s/ Robert B. Port*
ALLISON B. CHRISTENSEN, ESQ.
Florida Bar No. 103515
PHOEBE S. WISE, ESQ.
Florida Bar No. 105652
MICHAEL B. PASCOE, ESQ
Ohio Bar No. 80899 (*pro hac vice*)
ROBERT B. PORT, ESQ
Ohio Bar No. 78329 (*pro hac vice*)
pwise@hahnlaw.com
mpascoe@hahnlaw.com
rport@hahnlaw.com

*Attorneys for Defendant BGIS Global Integrated Solutions US, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 12, 2024, a true and correct copy of the foregoing Joint Stipulation was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

By: */s/ Paul Aiello*