IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **DEVIN GRANDIS,** | ) |
| **Plaintiff**, | ) CASE NO. 22-CV-61477-JB |
| v. | ) JUDGE JACQUELINE BECERRA |
| **BGIS GLOBAL INTEGRATED SOLUTIONS US LLC,** | ) |
| **Defendants.** | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

**I.    INTRODUCTION**

No good deed goes unpunished. Defendant BGIS Global Integrated Solutions LLC ("BGIS") does not separately maintain a calculation of its net worth, has not calculated it any time recently, and has no plans to calculate it in the near future. Without a third-party audit, BGIS cannot state its current net worth under oath and, when asked in discovery, could have simply stated that it has no responsive information. BGIS did not do that. Instead, it attempted to help Plaintiff get the information he wanted. Initially, because the term "net worth" was undefined and ambiguous, BGIS offered to provide BGIS's pre-tax profits as shown in a tax return.[1] Plaintiff objected to that response, claimed it would be evasive and non-responsive, and specifically asked for a balance sheet. While no party in discovery is required to create information that does not exist, in an effort to be cooperative, BGIS used its best efforts to assemble a balance sheet that,

---

[1] When BGIS's counsel originally responded, including correspondence with Plaintiff's counsel, BGIS's counsel mistakenly understood that BGIS filed a separate tax return—it does not. BGIS is a disregarded entity for tax purposes and BGIS's parent company, BIFM US Buyer, Inc., files a consolidated return including BGIS and other subsidiaries. As shown below, BGIS's counsel explained this error to Plaintiff's counsel in ongoing correspondence.

1

while unaudited, shows the status of BGIS's assets and liabilities, and thus fully responds to Plaintiff's request for BGIS's net worth. Instead of appreciating BGIS's efforts, BGIS was served with a "Motion to Compel" [DE 199] and for sanctions.

Even more improper, Plaintiff has also moved to compel BGIS to respond to requests for admission and interrogatories seeking pure questions of law regarding the admissibility of evidence. The Eleventh Circuit is unambiguous on that front—discovery requests regarding admissibility are improper. Admissibility is a quest for the Court to decide, not for parties to address in discovery.

BGIS has fully and forthrightly answered all the discovery requests at issue and the Court should deny Plaintiff's Motion to Compel.

## II.   FACTUAL BACKGROUND

### A.   BGIS Created a Balance Sheet for Plaintiff Because That is What Plaintiff Asked BGIS to Do.

BGIS served its initial discovery responses on May 29, 2024. *See* Exhibit A. The responses noted that the term "net worth" was vague and ambiguous. But instead of leaving the response as objection only, based on BGIS's understanding of that term, BGIS stated that it would produce BGIS's net profits as shown in a tax return. *Id.* at p.1. Plaintiff objected to those responses and noted that BGIS's proposal—to provide a tax return that showed its pre-tax profits—"would be evasive or at least non-responsive to the interrogatory." *See* Exhibit B at 1. Citing to Merriam Webster dictionary, Plaintiff stated net worth is "a 'balance sheet' term that is computed by subtracting liabilities from assets." *Id.*

In an effort to satisfy Plaintiff now that he defined the term "net worth," on June 7, 2024, BGIS produced an amended discovery response that— even though BGIS "does not keep a balance sheet in the course of regularly conducted activity"—it would to produce a balance sheet that was

assembled at Plaintiff's request, and solely for the purpose of answering Plaintiff's Interrogatory. *See* Exhibit C at 2. Plaintiff objected and completely reversed his position noting that he wanted a business record "such as, for example, BGIS's most recent tax return." Exhibit D at 4. Admittedly confused, BGIS's counsel responded by clarifying that BGIS does not file an independent tax return, and so no such document exists. *See* Exhibit D at 2-3 (" The fact is that BGIS US does not file a separate tax return. This was my error and misunderstanding in providing the original responses.") BGIS then produced the balance sheet and noted that it was the best information BGIS had in response to Plaintiff's Interrogatory as it contained the most recent calculation of BGIS's net worth. A redacted version of the balance sheet is attached as Exhibit F.[2] In response, Plaintiff moved to compel and sought sanctions because BGIS gave Plaintiff exactly what Plaintiff asked BGIS to provide.

### B. Plaintiff has Conducted the Corporate Deposition of BGIS and Admits He Has the Information He Needs

On Tuesday, July 9, 2024, Plaintiff conducted the deposition of Andrew Iaboni as the corporate representative of BGIS. Plaintiff's counsel acknowledges that the issue related to Interrogatory 1 is now resolved. *See* Exhibit E at 1. In fact, Mr. Iaboni merely confirmed what was already in the second amended response to Interrogatory No. 1 and Request for Production No. 2. Despite having the information he requested, Plaintiff refuses to withdraw the Motion to Compel. Plaintiff's Motion to Compel was entirely unnecessary when it was filed and is meritless. The Court should deny the Motion to Compel in its entirety.

---

[2] The parties submitted a Joint Stipulation Regarding Net Worth Documents whereby the parties agreed that "any documents containing information derived from any Confidential Net Worth Material" shall be filed "pursuant to Rule 5.4 of the Local Rules of the Southern District of Florida" for filing documents under seal. [DE 196 at p. 4 (¶ 4(c)).] Because the financial information is not relevant for the purposes of this Motion to Compel, BGIS is attaching a redacted version of the balance sheet produced to Plaintiff.

### III. LAW AND ARGUMENT.

#### A. BGIS Properly Responded to Interrogatory No. 1 and Performed a Calculation of BGIS's Net Worth.

1. Even though BGIS is not required to provide information it does not have, BGIS created a balance sheet and produced it as requested by Plaintiff.

Plaintiff's Interrogatory No. 1 ("ROG 1") asked BGIS to state its "current net worth" or "the net worth of BGIS according to the most recent calculation of same by BGIS." BGIS has not, in the normal course of business, calculated its net worth and could simply have responded and stated that it has not performed an independent calculation of its net worth and thus cannot answer this interrogatory. BGIS did not do that. Instead, based on Plaintiff's definition of "net worth," BGIS, in good faith, created and produced a balance sheet from its financial information as of December 31, 2023, which included a representation of BGIS's net worth. *See* Exh. F. The balance sheet is unaudited with full disclosure on the face of the balance sheet. *Id.* But BGIS responded that the "Balance Sheet contains the most recent financial information for BGIS US as of December 31, 2023, and the net worth—based on this information—is equal to the 'Total Equity' in the Balance Sheet." [DE 199-1 at p. 1.] "Total Equity" is a specifically identified line item on the balance sheet. *See* Exh. F. Thus BIGS's response to ROG 1 is fully responsive.

Plaintiff rejected BGIS's calculation, even though it is exactly what Plaintiff asked for, and is now demanding either (1) a tax return or (2) a balance sheet that is a business record. But BGIS does not file a separate return and so cannot provide one. BGIS does not maintain an independent balance sheet for just BGIS, so BGIS does not have a business record that is responsive to Plaintiff's interrogatory. While we do not yet have the transcript for Mr. Iaboni's deposition, he

confirmed both that BGIS does not have a tax return to produce and BGIS does not maintain a balance sheet at all, let alone in the regular course of business.

2. <u>BGIS did not rely on business records to respond to ROG 1, it performed a calculation.</u>

Plaintiff argues that BGIS cannot reference a document to respond to in interrogatory unless it is a business record. To support this argument Plaintiff cites Fed. R. Civ. P. 33(d). But BGIS did not reference Rule 33(d) in its response and is not telling Plaintiff to "go compile the information yourself." Rather, BGIS separated out and assembled the balance sheet using the most recent financial information for BGIS US as of December 31, 2023, which contains the requested net-worth calculation. BGIS then provided the balance sheet to Plaintiff. To argue that this violates BGIS's obligation in responding to the interrogatory is the ultimate in "form over substance." In this case, the response to the interrogatory fit best as an attachment, rather than being pasted into the interrogatory response. BGIS, therefore, Bates-labelled the balance sheet and produced it.

If Plaintiff wanted it to be pasted into a response BGIS was happy to do so. In fact, in order to clear up any potential confusion by referencing "Total Equity" in the balance sheet. Prior to Mr. Iaboni's July 9, 2024 deposition, BGIS offered to clarify any perceived ambiguity by typing in the actual value of "Total Equity" if that would resolve the dispute. *See* Exhibit E at 1-2. Plaintiff's counsel did not respond to that e-mail until after Mr. Iaboni's deposition.

3. <u>BGIS's answer is sufficient, and it should not be compelled to perform an audit.</u>

To be clear, BGIS's response to ROG 1 does not contain and qualification or reservation. Instead, BGIS merely stated with specificity exactly what it was producing in the balance sheet. The response is unequivocal: "… the net worth—based on this information—is equal to the 'Total Equity' in the Balance Sheet." [DE 199-1 at p. 1] BGIS clearly stated that it could not provide its "current net worth as that would require a third-party valuation of certain historical assets." [*Id.*]

5

First, BGIS is under no obligation to engage in such an exercise in responding to discovery. Second, such and exercise would be at significant and unnecessary cost to BGIS. And it is not necessary since Plaintiff asked for the "current net worth of BGIS *or* the net worth according to the most recent calculation of same by BGIS." [*Id.* (emphasis added).] This is a disjunctive request, to which BGIS fully responded with the balance sheet. And the issue is now moot after Mr. Iaboni's deposition. *See* Exh. E.

> **B.    BGIS Properly Responded to Document Request No. 2 by Providing a Balance Sheet as Plaintiff Requested.**

Document Request No. 2[3] ("RFP 2") asks BGIS to produce "a tax return filed on behalf of BGIS with the Internal Revenue Service, a financial statement of BGIS, ***or any other document prepared*** by BGIS that supports BGIS's answer to No. 1 of these Discovery Requests." [DE 199-1 at p. 2.] Again, this is a disjunctive request to which BGIS fully responded by producing the balance sheet it prepared in response to these requests.

That said, "[u]nder Rule 34, a party is required to produce only documents that are already in existence; it is not required to create or cause to be created a document for production." *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 12469953, at *3 (S.D. Fla. Sept. 18, 2014). *See also, Advanced Cable Ties, Inc. v. American Elite Molding, LLC*, No. 3:18-CV-2035, 2019 WL 13280288, * 5 (N.D. Fla. Feb. 7, 2019) ("As a matter of logic and physics, a party cannot be in possession and control of a document that does not exist. 'It is well established that in those situations in which the documents sought to be produced are not in existence, a request to produce must be denied.'") "Furthermore, a party is not obliged to create documents in response to a request for production." *Id.*; *see also, 3Shape A/S v. Carestream Dental, LLC*, No. 1:22-CV-01829, 2023

---

[3] Because Plaintiff did not number their discovery requests, BGIS is addressing them in order and referring to them sequentially as requests 1-4.

WL 4048462, * 2 (N. D. Ga. May 9, 2023) (denying defendant's motion to compel in part and holding that there was no requirement for plaintiff to create documents responsive to defendant's request for financial information that does not already exist). BGIS does not have a tax return or a financial statement that supports its answer to ROG 1.

Plaintiff argues that BGIS's representation is "dubious." Aside from Plaintiff's inappropriate implication that counsel for BGIS is not being truthful, the "court is permitted to rely on representations by counsel made in documents filed with this court." *Advanced Cable Ties, Inc.*, 2019 WL 13280288 at *6, *citing*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997). "Whenever a party requests the production of documents under Fed. R. Civ. P. 34(a), and the recipient of the request states that it does not have any responsive documents," courts may "trust, at least in the absence of contrary information, that the recipient is responding truthfully." *Advanced Cable Ties, Inc.*, 2019 WL 13280288 at *6. (internal citations omitted). "Thus, unless the requesting party can show that requested materials actually exist, courts may rely on the representation of the party claiming that it does not possess or control such materials." *Id*. Regardless, Mr. Iaboni confirmed at his deposition that no such financial documents exist for BGIS. What it does have is the actual document that BGIS created and produced for the specific purpose of responding to ROG 1. BGIS has produced all the responsive documents in its possession, custody, and control. This representation is legally sufficient to render BGIS's response to RFP 2 fully responsive.

### C. BGIS Properly Objected to Request for Admission No. 3 as it Impermissibly Seeks BGIS's Admission as to a Pure Question of Law.

Plaintiff's Request for Admission number 3 ("RFA 3") asks BGIS to admit to the admissibility of a document—specifically the balance sheet produced in response to RFP 2. A party may not seek an admission under Fed. R. Civ. P. 36 to a pure conclusion of law, and the

issue of admissibility is a pure question of law. *See* Fed. R. Civ. P. 36(1)(A); *see also Gross v. Guzman,* No. 11-23028-CIV, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013) ("[A] party may not seek an admission as to a pure conclusion of law; *Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983) ("The question of whether evidence should be admitted is a matter of law for the trial court to determine.").

Plaintiff pivots in his Motion to Compel and argues that he can issue Requests for Admission regarding the "genuineness of a document" and whether a "document is a business record under Fed. R. Evid. 803." [DE 199 at p. 7.] That may be true, but RFA 3 does not ask for those admissions. Rather it asks for an admission that the balance sheet is "admissible." This is a wholly different question. Regardless, BGIS unambiguously stated that it "does not keep a standalone balance sheet in the course of regularly conducted activity," and, therefore, by definition, it is not a business record. [DE 199-1 at p. 2 ("Second Amended Answer")]; *see also* Fed. R. Evid. 803(6)(b). And the genuineness of the balance sheet is not at issue as BGIS created it and produced it.

Nevertheless, if Plaintiff has issued RFA regarding genuineness and business records, BGIS would admit to the authenticity of the document but deny that it was a business record. Plaintiff did not do that. Plaintiff asked BGIS to admit that the document "is admissible under Fed. R. Evid. 803(6)." *See* RFA 3. This RFA itself shows a misconception of the law. Admitting that a document is a business record under Fed. R. Evid. 803(6), means only that the document is "not excluded by the rule against hearsay," not that it is "admissible." Fed. R. Evid. 803. Admissibility is a question of law for the Court—not an appropriate topic for a request for admission.

Thus, RFA 3 is improper as it asks BGIS to admit to the admissibility of a document; the Court should sustain BGIS's objection.

8

### D. BGIS Properly Objected to Interrogatory No. 4 as it Impermissibly Seeks BGIS's Contentions Related to a Pure Question of Law.

As was the case with RFA 3, Interrogatory 4 ("ROG 4"), in part, asks a pure question of law regarding admissibility of a document, which is outside the proper scope of a Fed. R. Civ. P. 33 request. And BGIS answered the remainder of ROG 4. The first part of ROG 4 impermissibly asks BGIS to identify the "reasons why the [balance sheet] is not admissible under Fed. R. Evid. 803(6)." [DE 199-1 at p. 5.] Again, Plaintiff conflates admissibility with whether a document is subject to the rule against hearsay. Regardless, it is improper to request that a party opine on pure legal issues like admissibility. This portion of ROG 4 is, therefore, outside the proper scope of Fed. R. Civ. P. 33. *See* Fed. R. Civ. P. 33(A); *see also Lorentz v. Sunshine Health Prod., Inc.*, No. 09-61529-CIV, 2010 WL 11451095, at *2 (S.D. Fla. June 24, 2010) *see also Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983) ("The question of whether evidence should be admitted is a matter of law for the trial court to determine."). The second part of ROG 4 asks a factual question—who has the most knowledge of the document produced in response to RFP 2. [*See* 199-1 at p. 4.] BGIS fully answered that portion of the interrogatory and identified Andrew Iaboni.

### E. The Plaintiff is not Entitled to Attorneys' Fees.

BGIS fully responded to Plaintiff's discovery requests so there is no basis for sanction. If the Court disagrees with BGIS's position, as outlined above—at a minimum—BGIS was substantially justified in its responses. Thus, even if it grants part or all of the Motion to Compel, the Court should deny Plaintiff's request for attorneys' fees under Fed. R. Civ. P. 37 (a)(5)(ii). *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (Objecting to disclosure is "substantially justified" if "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."), quoting, *Pierce v. Underwood*, 487 U.S.

552, 565 (1988). BGIS's actions were "substantially justified" and it went above and beyond its obligations to respond to Plaintiff's request. Any sanction against BGIS would be unjust.

## IV.   CONCLUSION

Plaintiff has conducted the corporate representative deposition of BGIS. They have confirmed that BGIS does not keep separated financial information. It does not file a tax return. It does not have a balance sheet or other business record that shows its net worth. Plaintiff even acknowledged that ROG 1 is resolved. Accordingly, Plaintiff's Motion to Compel was premature and unnecessary. the Court should deny the Motion to Compel in its entirety.

Respectfully Submitted,

HAHN LOESER & PARKS LLP
5811 Pelican Bay Boulevard, Suite 650
Naples, Florida 34108
Phone: (239) 254-2900
Fax: (239) 254-2947

200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824

By:   */s/ Allison B. Christensen*
Allison B. Christensen, ESQ.
Florida Bar No. 103515

By:   */s/ Robert B. Port*
MICHAEL B. PASCOE, ESQ.
Ohio Bar No. *80899 (pro hac vice admission)*
ROBERT B. PORT, ESQ.
Ohio Bar No. 78329 (*pro hac vice admission*)
achristensen@hahnlaw.com
mpascoe@hahnlaw.com
rport@hahnlaw.com

*Attorneys for Defendant BGIS Global Integrated Solutions US, LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on July 26, 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all attorneys of record.

      By: */s/ Robert B. Port*
          ROBERT B. PORT, ESQ.