UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61477-JB/AOV

DEVIN GRANDIS,

    Plaintiff,
v.

BGIS GLOBAL INTEGRATED SOLUTIONS
US, LLC,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This cause is before the Court on Plaintiff Devin Grandis' ("Plaintiff") Motion to Compel [Amended Responses] to Plaintiff's Discovery Requests related to Punitive Damages and Request for Attorney's Fees (ECF No. 199) (the "Motion") against Defendant BGIS Global Integrated Solutions US, LLC ("Defendant"). All discovery matters have been referred to the undersigned for disposition. (ECF No. 211 at 2).

Having reviewed the record, the Motion, Defendant's Response (ECF No. 212), and being otherwise duly advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth below.

### I.    BACKGROUND

The factual and early procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 167 at 1-3) (Order dismissing Plaintiff's civil RICO claim); (ECF No. 184 at 5-13) (Order denying request to dismiss Plaintiff's conversion claim and allowing limited discovery on the conversion claim). In brief, Defendant acquired Plaintiff's family business under an Asset Purchase Agreement and an

Employment Agreement as to Plaintiff.  *See generally* (ECF No. 171) (Amended Complaint).  The dispute arose when Defendant subsequently terminated Plaintiff's employment purportedly for cause.  *Id.* at 7, ¶ 22.

On January 3, 2024, Plaintiff filed an Amended Complaint alleging three causes of action against Defendant: (i) breach of the Employment Agreement; (ii) breach of the implied covenant of good faith and fair dealing under the Employment Agreement; and (iii) conversion of the facsimile stamp of Plaintiff's signature.  *Id.* at 8-15.  In response, Defendant filed a motion to strike/dismiss the Amended Complaint for failure to state a claim or, in the alternative, to allow additional discovery (ECF No. 173) ("Defendant's Motion").  Ultimately, the Court denied Defendant's motion to strike/dismiss the conversion claim in the Amended Complaint but granted Defendant's request for limited discovery on this claim.  *See generally* (ECF Nos. 176, 184)

Thereafter, Plaintiff served Defendant with the discovery requests at issue.  The limited discovery requests consist of two interrogatories, one document request, and one request for admission (the "Discovery Requests"), all focused on Defendant's current net worth and relevant to Plaintiff's claim for punitive damages in Count V (conversion) of the Amended Complaint.  *See generally* (ECF Nos. 199, 199-1).  After several conferrals and Defendant's allegedly insufficient amended responses, Plaintiff filed the instant Motion.

## II. DISCOVERY STANDARDS

The Federal Rules afford the Court broad authority to control the scope of discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011), but "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).  Thus, when a party objects

to discovery, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 409534, at *2 (S.D. Fla. Jan. 24, 2020). Moreover, boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America*, No. 14-CV-20484, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015).

Rule 33, which governs responses to interrogatories, provides that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records" and the burden is substantially the same for either party, the responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them" and "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d); *see RKR Motors, Inc. v. Perez*, No. 23-CV-60819, 2024 WL 1637323, at *2 (S.D. Fla. Apr. 16, 2024).

Rule 34, which governs requests for production, allows a party to request from another any documents that fall within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). In response to a party's request for production, a party may produce the responsive materials within its possession, custody, or control or provide access for the requesting party to inspect, measure, survey, photograph, test, or sample such materials. Fed. R. Civ. P. 34(a)(1), (2).

Lastly, Rule 36, which governs requests for admissions, authorizes a party to serve a written request to admit the truth of certain facts, the application of law to fact, or opinions about either, or the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). As with interrogatories, while a party may "serve a request for an admission relating to the application of law to fact, . . . [it] may not seek an admission as to a pure conclusion of law." *Tobkin v. The Fla.*

3

*Bar*, 509 B.R. 731, 734 (S.D. Fla. Jan. 10, 2014), *aff'd sub nom. In re Tobkin*, 578 F. App'x 962 (11th Cir. 2014); *see* Fed. R. Civ. P. 33(a)(2).

### III.    DISCUSSION

Against these general legal principles, the Court addresses the disputed Discovery Requests in the order listed in the Motion:

<u>Interrogatory No. 1</u>:  **Granted**

Interrogatory No. 1 asks Defendant to "state the current net worth of BGIS or the net worth of BGIS according to the most recent calculation of same by BGIS." (ECF No. 199-1 at 1). In its Second Amended Answer, Defendant states:

> BGIS objects to this request as it seeks highly confidential and business sensitive information. In responding to this interrogatory, BGIS defines "net worth" as the difference between its assets and liabilities as those terms are typically understood in the accounting industry and as typically seen on a balance sheet. BGIS does not keep a standalone balance sheet in the course of regularly conducted activity. Regardless, BGIS has prepared and produced a balance sheet document Bates No. BGIS_018334 (the "Balance Sheet"), which is subject to the terms of the Joint Stipulation Regarding Net Worth Document(s) [DE 196]. BGIS cannot provide its current net worth as that would require a third-party valuation of certain historical assets. The Balance Sheet contains the most recent financial information for BGIS US as of December 31, 2023, and the net worth—based on this information—is equal to the "Total Equity" in the Balance Sheet.

*Id.* at 2.

Plaintiff argues that Defendant's answer is evasive because it does not "include the dollar amount of the net worth" or "use a business record to answer this interrogatory." (ECF No. 199 at 3). The undersigned agrees. Although Defendant cannot be compelled to give information it does not have, the Balance Sheet created by Defendant is not a business record within the meaning of Rule 33. *See* Fed. R. Civ. P. 33(d); *Creative Touch Interiors, Inc. v. Nicholson*, No. 14-CV-2043, 2015 WL 5952986, at *4 (M.D. Fla. Oct. 13, 2015) (finding interrogatory answers failed to comply with Rule 33(d) because "[t]he complaint and transcript of the preliminary injunction

4

hearing are not business records"); *Border Collie Rescue, Inc. v. Ryan*, No. 4-CV-568J32HTS, 2005 WL 662724, at *2 (M.D. Fla. Mar. 15, 2005) (quoting Steven Baicker-McKee, William M. Janssen & John B. Corr, *Federal Civil Rules Handbook* at 665 (2004)) (noting that only business records may be used in lieu of interrogatory answers); *In re Bilzerian*, 190 B.R. 964 (Bankr. M.D. Fla. 1995) (finding that "before the answers may be furnished [under Rule 33] with reference to . . . business records, the records must in fact be 'business records.'").

Accordingly, the Motion as it relates to Interrogatory No. 1 is **GRANTED**.  **By October 4, 2024**, Defendant must amend its response to Interrogatory No. 1.  If appropriate, Defendant may reference any underlying business record used to create the Balance Sheet.  Alternatively, Defendant must answer the interrogatory by stating its current net worth or its net worth according to its most recent calculation.  *See Border Collie Rescue*, 2005 WL 662724, at *2.

Document Request:  **Denied**

Plaintiff's single disputed document request seeks BGIS's filed "tax return," "a financial statement," or "any other document prepared by BGIS" that supports BGIS's answer to Interrogatory No. 1, above.  (ECF No. 199-1 at 2).  In its Second Amended Response, Defendant refers Plaintiff to the same Balance Sheet referenced in its amended answer to Interrogatory No. 1. *Id.* at 3.  In addition, Defendant summarily objects to the request as seeking highly confidential and business sensitive information.

Although Defendant's boilerplate confidentiality objection is overruled, the rest of Defendant's response, coupled with its production of the Balance Sheet, adequately responds to the request, which—as written—gives Defendant the option of producing "any other document prepared by BGIS" instead of a tax return or financial statement.  *See* (ECF No. 212 at 6). Accordingly, the Motion as it relates to the document request is **DENIED**.

Request for Admission:  **Denied**

Plaintiff's disputed request for admission asks Defendant to "admit that the document produced in response to No. 2 of these Discovery Requests is admissible under Fed. R. Evid. 803(6)." (ECF No. 199-1 at 3). Defendant objects to this request on the ground that it "seeks an admission that improperly relates to a pure question of law." *Id.* at 3-4.

Defendant's objection is sustained. This request for admission as to the applicability of Rule of Evidence 803 asks for a pure conclusion of law, which is improper. *See* Fed. R. Civ. P. 36(1)(A); *see also Gross v. Guzman,* No. 11-23028-CIV, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013) ("[A] party may not seek an admission as to a pure conclusion of law"); *Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983) ("The question of whether evidence should be admitted is a matter of law for the trial court to determine."). Accordingly, the Motion as it relates to the Request for Admission is **DENIED**.

Interrogatory No. 4:  **Denied**

Interrogatory No. 4 asks Defendant to "identify the reasons why the document produced in response to No. 2 of these Discovery Requests is not admissible under Fed. R. Evid. 803(6) and the name, address, and title of the individual(s) with the most knowledge about the preparation of this document and why the document is not admissible under Fed. R. Evid. 803(6)." (ECF No. 199-1 at 4). In its response, Defendant identifies the individual with the most knowledge about the preparation of the document, but objects to the remainder of the interrogatory as calling for a conclusion of law. *Id.* at 4-5.

The question of whether evidence should be admitted is a matter of law for the trial court to determine and not a proper interrogatory. *Noel Shows,* 721 F.2d at 330 (nothing that "whether

evidence should be admitted is a matter of law for the trial court to determine"). Accordingly, the Motion as it relates to Interrogatory No. 4 is **DENIED**.

<u>Request for Attorney's Fees</u>:  **Denied**

Lastly, Plaintiff requests attorney's fees and costs in connection with the Motion. (ECF No. 199 at 9-10). Federal Rule of Civil Procedure 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. Fed. R. Civ. P. 37(a)(5)(A). An award is required unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, the undersigned finds that Defendant's position was substantially justified. Accordingly, the request for attorney's fees in the Motion is **DENIED**, and each party is to bear its own fees and costs.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel (ECF No. 199) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on September 30, 2024.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Jacqueline Becerra
　　All Counsel of Record