IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61477-CIV-BECERRA/VALLE

DEVIN GRANDIS,

   Plaintiff,

v.

BGIS GLOBAL INTEGRATED SOLUTIONS US LLC,

   Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF A FINAL JUDGMENT**
**(with Memorandum of Law)**

Pursuant to paragraph (b)(2) of Rule 58 of the Federal Rules of Civil Procedure, the plaintiff, Devin Grandis ("Grandis"), through his undersigned counsel, moves for the entry of a Final Judgment against the defendant, BGIS Global Integrated Solutions US, LLC ("BGIS").

**(1) ALL CLAIMS NOW RESOLVED**

By interlocutory order entered on November 30, 2022, the Court dismissed all claims of former plaintiff, Advanced Power Technologies, LLC ("APT"), for breach of the Asset Purchase Agreement ("APA") and the implied duty of good faith and fair dealing thereunder, ordering APT to resolve claims relating to APT's working capital, as of December 31, 2021, through use of a neutral arbitrator. (ECF 34, p. 10)

On December 15, 2022, the Court dismissed without prejudice for lack of personal jurisdiction the claim of Grandis for securities fraud under Florida law against BIFM Jersey Topco Limited ("BIFM"). (ECF 37, p. 7)

On December 20, 2023, the Court dismissed without prejudice the claim of Grandis for Civil Remedies for Criminal Practices based upon BGIS's violation of the Florida RICO

(Racketeering Influenced and Corrupt Organizations) Act. (ECF 167, p. 8) On January 3, 2024, after obtaining leave of court to do so, Grandis asserted a claim for conversion of his signature stamp (the "Stamp"). (ECF 171)

Beginning on January 15, 2025, all of Grandis's remaining claims in this action were tried before a jury, the Honorable Jacqueline Becerra presiding.[1]

According to the Special Verdict returned by the Jury on January 28, 2025 (ECF 302), BGIS breached the Employment Contract by failing to pay the accelerated severance benefit owed to Grandis for the remainder of the Initial Period, which ended on December 31, 2024. (Pl Ex 27, p. 2). The Jury further found that Grandis's damages from this breach were $820,001. (ECF 302, p. 1). In addition, the Jury found that BGIS intentionally converted the Stamp with gross negligence as to Grandis' rights with respect to the Stamp, awarding him not only nominal damages in the amount of $1.00 but also punitive damages in the amount of $300,000. (ECF 302, p. 2). Finally, the Jury found that BGIS did not breach the Employment Contract by failing to provide Grandis with a stock option in BIFM. (ECF 302, p. 1).

### (2) MONETARY RELIEF TO BE AWARDED TO GRANDIS

***Damages Found by the Jury.*** Thus, based upon the Jury's Special Verdict, Grandis is entitled to damages under Florida law in the following amounts:

| | |
|---|---:|
| Severance Damages | $820,001.00 |
| Nominal Damages for Conversion | $1.00 |
| Punitive Damages for Conversion | $300,000.00 |
| Monetary Relief: | **$1,120,002.00** |

---

[1] Prior to trial, the Court denied BGIS's motion for partial summary judgment on Grandis's contract/bad faith claims related to a stock option in BIFM and Grandis's claim for conversion of the Stamp. Likewise, the Court denied Grandis's motion for partial summary judgment on Grandis's contract/bad faith claims related to the severance benefit and Grandis's claim for conversion of the Stamp. (ECF 245, 255)

As a matter of law, Grandis is also entitled to prejudgment interest on the damages that resulted from the refusal of BGIS to pay him the accelerated severance benefit due under the Employment Contract no later than May 7, 2022. (Pl Ex 27, p. 2 Severance, sub-paragraph (ii)).

***(A) Prejudgment Interest.*** Grandis seeks inclusion in the Final Judgment of prejudgment interest in the amount of **$149,787.69**, as of February 3, 2025. This calculation has been made according the statutory interest rate set by the Chief Financial Officer of the Florida Department of Financial Services ("FDFS") for the quarter in which the loss was first incurred (Q2 of 2022) with statutory interest until the date of judgment according to the interest rate set by FDFS in the first quarter of each succeeding year. The statutory interest rates and the mathematical calculation are set forth in the attached Exhibit 1. Grandis is entitled as well to additional prejudgment interest of $210.73 for each day that passes after February 3, 2025 before the Final Judgment is entered.

***(B) Post-Judgment Interest.*** Grandis also seeks inclusion in the Final Judgment of post-judgment interest. Post-judgment interest must be calculated at a rate equal to the "weekly average 1-year constant maturity Treasury yield (the "Post-Judgment Rate"), as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. Assuming the Final Judgment is entered during this week of February 3, 2025, the Post-Judgment Rate would be 4.15% *per annum*. Exhibit 2 shows the 1-year constant maturity Treasury yield for each day of the week of January 27, 2025. If the Final Judgment were not entered until after the week of February 3, 2025, the data needed to ascertain the Post-Judgment Rate will become available each subsequent week at https://www.federalreserve.gov/releases/h15/ (last visited 2/3/2025).

### *(3) PROPOSED FORM OF FINAL JUDGMENT*

Thus, based upon the Jury's Special Verdict, Grandis requests a Final Judgment in the amount of **$1,269,789.60**, together with post-judgment interest at the rate of 4.15% per annum or $144.37 *per diem*. A proposed form of judgment is attached as Exhibit 3.

### MEMORANDUM OF LAW

All claims in this case have been decided now by either the Court or the Jury. Thus, this case is now ripe for the entry of a Final Judgment. Pursuant to the Federal Rules of Civil Procedure, Grandis requests that a Final Judgment be entered promptly. This litigation has been pending for two-and-one-half years since Grandis commenced this action in July 2022 in the Seventeenth Judicial Circuit Court for Broward County, Florida for Broward County, Florida

> **(b) Entering Judgment.**
>
> (1) *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:
>
> (A) the jury returns a general verdict;
>
> (B) the court awards only costs or a sum certain; or
>
> (C) the court denies all relief.
>
> (2) *Court's Approval Required.* Subject to Rule 54(b), <u>the court must promptly approve the form of the judgment, which the clerk must promptly enter</u>, when:
>
> (A) the jury returns a special verdict or a general verdict with answers to written questions; or
>
> (B) the court grants other relief not described in this subdivision (b).

Fed. R. Civ. P. 58 (emphasis added); *see* also Fed. R. Civ. P. 1; *see also Arctic Cat Inc. v. Bombardier Recreational Products, Inc.*, 198 F.Supp.3d 1343, 1348 (S.D. Fla. 2016) (entry of

4

judgment property under Rule 58 as case had been pending twenty-one months and evidence at trial clear and overwhelming).

*Pre-judgment Interest.* As this is a diversity case, state law applies to Grandis's claims. *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (applying Fla. law to prejudgment interest issue). Under Florida law, "[t]he computation of prejudgment interest is 'a mathematical computation' and 'a purely ministerial duty. No finding of fact is needed,' and no discretion is permitted." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (quoting *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). The mathematical computation for Grandis's severance claim is based upon the date of his monetary loss being no later than May 7, 2022. *See Save Our Allies, LLC v. Gustin*, No. 22-22981-CIV-JEM/EIS, 2024 WL 3994517, at *2 (Aug. 12, 2024) (helpful explanation of calculation of prejudgment interest under Fla. law).

*Post-judgment Interest.* "Unlike pre-judgment interest, the rate of post-judgment interest is governed by federal law [even] in diversity cases." *Walker v. Life Insurance Company of North America*, 59 F.4th 1176, 1194 (11th Cir. 2023) (emphasis added) (citing *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572, n.4 (11th Cir. 1991)). The interest rate to be used by the Court, if judgment is entered during the week of February 3, 2025 is ___% *per annum*. *Supra*, p. 3, § 2(B). Under Section 1961, "interest shall be allowed on all components of a money judgment, including not only compensatory or punitive damages," *Booth v. Pasco County, Fla.*, 757 F.3d 1198, 1216 (11th Cir. 2014) (so holding), but also an award of prejudgment interest. *Gottlieb & Gottlieb, P.A. v. Crants,* No. 8:14–cv–895–T–33MAP, 2016 WL 7340310, at *5-6 (Jan. 22, 2016) ("Accordingly, post-judgment interest, at the rate set forth in 28 U.S.C. § 1961, shall accrue on the total amount of the judgment, including prejudgment interest").

WHEREFORE, the plaintiff, Devin Grandis, respectfully requests that the Court enter a Final Judgment in his favor substantially in the form attached hereto as Exhibit 3.

Respectfully submitted,

BENNETT AIELLO KREINES
3471 Main Highway, Suite 206
Coconut Grove, Florida 33133-5929
Phone: (305) 358-9011
Facsimile: (305) 358-9012

By: */s/ Paul Aiello*
Michael P. Bennett, FBN 775304
mbennett@bakattorneys.com
Paul Aiello, FBN 909033
paiello@bakattorneys.com
Jeremy R. Kreines, FBN 101119
jkreines@bakattorneys.com

### CERTIFICATE OF CONFERENCE

I hereby certify that on Friday, January 31, 2025, prior to 9:00 a.m., I exchanged emails with Michael Pascoe, one of the attorneys of record for the defendant, regarding this motion. I stated that pursuant to Fed. R. Civ. P. 58 the plaintiff seeks the entry of a Final Judgment that awards relief consistent with the Jury's Special Verdict. I also stated that under Florida law prejudgment interest is accruing at the rate of $210.73 *per diem*, and that post-judgment interest will accrue pursuant to 28 U.S.C. § 1961. The defendant's counsel stated the defendant believes it would be premature to enter a final judgment at this time. As of the time that this motion was filed with the Court, the defendant's counsel had not advised whether the defendant agrees with plaintiff's means and methods of calculating prejudgment and post-judgment interest.

*/s/     Paul Aiello*
Paul Aiello

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, a true and correct copy of this document was submitted through CM/ECF for filing and service upon all attorneys of record in this action.

*/s/     Paul Aiello*
Paul Aiello